**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CAREY D. EBERT** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.:  4:15-cv-225-0** |
| | § | |
| **HOWARD MILLER APPEL, et al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**DEFENDANT MATTHEW J. COHEN'S RESPONSE TO PLAINTIFF'S MOTION TO**
**COMPEL DEPOSITION DATES AND MOTION TO QUASH**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Court's Order dated

May 24, 2016, Defendant Matthew J. Cohen ("Cohen") respectfully requests that the Court deny

Plaintiff's Motion to Compel and quash the Notice of Video Deposition filed by Plaintiff, Carey

D. Ebert, as Trustee ("Trustee") for the Chapter 11 estate of the Debtor, Latitude Solutions, Inc

("LSI").

The Trustee's Motion should be denied for three reasons: (1) the parties agreed to forgo

preparation for depositions during the time period when the parties were preparing for and

conducting a mediation held two weeks ago, and should not now be penalized for in good faith

conserving attorneys' fees in anticipation of mediation; (2) certain standing issues should be

resolved pertaining to the related state court action captioned *Robert J. Kecseg, individually and*

*on behalf of certain managed accounts v. John Paul DeJoria, et al.*, Cause No. 153-278214-15,

in the District Court of Tarrant County, Texas (the "*Kecseg* Action") in order to determine

whether that case can even go forward and, if so, whether discovery in this case can be

coordinated with the *Kecseg* parties; and (3) not all defendants in this case have been served, and

some were only recently served and have not yet appeared and answered the Trustee's Second Amended Complaint.

The Court should also quash the Trustee's Notice of Video Deposition, served on May 24, 2016, scheduling the deposition of Defendant Howard Miller Appel for June 17, 2016. Appel is at the heart of this lawsuit. And while the Trustee has had access to all of LSI's documents, which total over 1,000,000 pages, since at least November 9, 2014, defendants have had access to this data for less than three months. It would be prejudicial and inefficient to go forward with this deposition in this short time frame before defendants have had a sufficient opportunity to review the Trustee's documents and, if necessary, challenge their completeness and raise other issues related to this production. Finally, in this case, the various defendants are not aligned, and thus will themselves be engaging in extensive questioning of each other at these depositions; if not allowed adequate time to prepare, including time with the LSI database held by the Trustee, the defendants will be prejudiced.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 9, 2014, the Trustee filed her Original Adversary Complaint, which she amended on February 13, 2015. (Dkt. 1, 10 Bankruptcy Court Adversary Action No. 14-04107.) A Motion to Withdraw Reference was filed by Defendants Michael Gustin, Jeffrey Wohler, and John Paul DeJoria, on March 23, 2015. (Dkt. 17 Bankruptcy Court Adversary Action No. 14-04107.)

On April 30, 2015, a case was filed in the District Court of Tarrant County captioned *Robert J. Kecseg, individually and on behalf of certain managed accounts v. John Paul DeJoria, et al.*, Cause No. 153-278214-15 (the "*Kecseg* Action"). Plaintiff Kecseg asserts claims on behalf of himself and other investors in LSI, asserting nearly identical claims as the Trustee, and

seeking damages to recompense allegedly defrauded investors and to recover exemplary damages.

On August 14, 2015, this Court withdrew the reference of the adversary proceeding. (Dkt. 10.)  On August 10, 2015, Plaintiff and some of the defendants, but not Cohen, conferred pursuant to Rule 26(f) and filed a joint report on September 21, 2015. (Dkt. 18.)  On September 22, 2015, the Court issued a scheduling order providing for the completion of all discovery by July 8, 2016.  (Dkt. 19.)  The Court scheduled Plaintiff's Initial Designation of Expert(s) and Defendants' Responsive Designation of Expert(s) for April 8, 2016 and May 9, 2016, respectively.  (*Id*.)  Trial was initially set for December 5, 2016.  (*Id*.)

On November 18, 2015, Matthew and Deborah Cohen retained the undersigned counsel, who filed appearances on November 19, 2015.  (*See* Dkts. 30, 31.)  On November 20, 2015, the Trustee filed the Second Amended Complaint.  The Complaint is 174 pages long with an additional 81 pages of exhibits.  In the Complaint, the Trustee purports to own and has asserted the same investor claims that Kecseg asserts in the state court action – she makes no fewer than eighty-two (82) allegations about alleged wrongs against the shareholders whose claims she purports to own on behalf of LSI.

On December 17, 2015, the Trustee offered two options by which the defendants could obtain from the Trustee copies of what the Trustee describes as the "entire LSI database."  This database consists of 350 GB of data and at least 1,000,000 pages of documents.  Counsel for Cohen has selected an option to obtain this data and has received it from the Trustee.  This amount of data requires several days just to be mechanically loaded into a database for review, and significant time to review.

On December 17, 2015, the Trustee served extensive written discovery on Cohen. Specifically, the Trustee served 17 interrogatories and 63 requests for production.  The Trustee also requested deposition dates for various defendants, including Cohen, during the time frame of January through March of 2016. (Dkt. 48-3.)  Counsel for all parties agreed to hold a telephonic conference on January 5 to discuss depositions and discovery issues.  (*Id*. at -4.)

During that conference, counsel for Cohen and counsel for other defendants advised the Trustee that certain defendants would be filing motions to dismiss on January 11, and that they believed it appropriate to delay expensive and time-consuming discovery until such time as the Court issued its ruling on those motions.  Certain defense counsel also mentioned the possibility of filing a motion to stay discovery pending the outcome of the motions to dismiss.  Counsel for defendants also advised that, notwithstanding the forthcoming motions to dismiss, counsel was already reviewing documents for production and expected to start a rolling production of documents on or before February 11, 2016, should the Court allow discovery to go forward at that time.

Before any defendant could file a motion to stay discovery, the Trustee raced to the courthouse and filed a Motion to Compel on January 8, 2016.  (Dkt. 47.)  On January 11, 2016, the Cohen Defendants filed Motions to Dismiss the Complaint on the grounds of lack of personal jurisdiction and for failure to state a claim.  (Dkts. 58, 60.)  Various other defendants also filed Motions to Dismiss on January 11, 2016, and some defendants filed answers.  (*See* Dkts. 50, 51, 53, 55, 56.)  On January 18, 2016, the Court denied plaintiff's Motion to Compel and amended the applicable Scheduling Order to extend the discovery cutoff to October 7, 2016.  (Dkt. 72.)

In early 2016, several *Kecseg* defendants filed special exceptions arguing that Kecseg and the investors he represents lack standing because of the Trustee's assertion of ownership over

investor claims in this proceeding.  Defendant Cohen filed a special appearance in the *Kecseg* case.  Those special exceptions and Cohen's special appearance have not been resolved.  The *Kecseg* court *sua sponte* set a June 20, 2016 trial date; various defendants, including Cohen, filed a motion to stay the case in consideration of the Trustee's case, and alternatively to extend the trial date.

In early April, 2016, the parties agreed to mediate.  Given that many of the defendants are covered by the same insurance policy, the parties agreed to, as much as possible, conserve attorneys' fees from that wasting policy during the time leading up to the mediation.  Cohen, therefore, in good faith refrained from active discovery during the six weeks leading up to mediation in order to minimize the attorneys' fees incurred.  The parties further agreed to include the *Kecseg* parties in the mediation.  The mediation occurred on May 12, 2016, but no resolution was reached.

The Court denied Cohen's motion to dismiss on May 12, 2016 (the same day the parties mediated the case).  (Dkt. 90.)  The following day, the Trustee requested that defense counsel produce available deposition dates.

Counsel for Cohen did not immediately respond to the Trustee's request because of a hearing scheduled for the following week in the *Kecseg* case that could govern whether the two cases could have coordinated discovery.  On May 20, 2016, the *Kecseg* court held a hearing on the defendants' motions to stay/extend the trial date.  At that hearing, the court reserved ruling on the motion to stay.  The court then directed the parties to seek a ruling from this Court or the bankruptcy court on the question of whether Kecseg has standing to pursue his claims in the state district court or whether the Trustee has asserted his claims.  The court indicated that if this Court or the bankruptcy court holds that Kecseg may proceed, the court would allow discovery

to be coordinated to avoid duplicative depositions.  The court directed the parties to seek

guidance from this Court or the bankruptcy court and report back to the state court by July 19,

2016.

On May 23, 2016, the parties convened a Rule 37 conference, and counsel for Cohen

declined to provide deposition dates for Cohen until the pending issues with the state court action

are resolved (so that Kecseg can be included in depositions if his case proceeds) and defendants

are permitted adequate time to prepare for depositions.  During that conference, counsel for the

Trustee refused to seek guidance from any court regarding the preliminary issue of standing.

The Trustee then set Appel's deposition, and sought to compel others by her Motion.

## ARGUMENT

Under Rule 26 of the Federal Rules of Civil Procedure, the scope of civil discovery is

broad, but not unlimited: "[P]arties may obtain discovery regarding any nonprivileged matter

that is relevant to any party's claim or defense and proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  "The court's responsibility, using all the

information provided by the parties, is to consider these and all the other factors in reaching a

case-specific determination of the appropriate scope of discovery."  *Carr v. State Farm Mut.*

*Auto. Ins., Co.*, 312 F.R.D. 459, 467 (N.D. Tex. 2015).  Indeed, "the burden or expense of

proposed discovery should be determined in a realistic way."  *Id.* at 468.

The Court should deny the Trustee's Motion to Compel for three reasons.  First, the

parties agreed, during the six week time frame leading up to the mediation, to conserve resources

and refrain from spending attorneys' fees preparing for depositions.  It is fundamentally unfair for the Trustee, who has had access to the LSI documents for years, to assert that "[t]he parties have had more than adequate access to the core documents and data involved in this case" when, of the 88 days Defendant Cohen has had access to the LSI documents,[1] approximately 6 weeks were spent "pencils down" in anticipation of mediation.  When, as here, several defendants are covered by a wasting insurance policy, and those defendants in good faith refrain from incurring additional attorneys' fees in anticipation of mediation, those parties should not be prejudiced by accelerated discovery demands.

Second, this Court should allow the parties sufficient time to resolve the issues raised by the *Kecseg* court related to standing.  If the Trustee has standing to assert Kecseg's claims, the *Kecseg* case must be stayed or dismissed, but the Trustee apparently is content ignoring that issue.  If the Trustee does not make that assertion (as she has so far not done by asking the bankruptcy court to stay the matter, despite alleging in her Complaint that she brings claims on behalf of investors), and this Court or the bankruptcy court determines that Kecseg may continue in state court, it is to the benefit of all parties to allow the *Kecseg* parties to participate in depositions here, both from an efficiency standpoint and to conserve attorneys' fees.

Third, not all defendants have been served, much less appeared and answered the Complaint.  It is inefficient to start depositions now, because once those defendants are served, they certainly will want to participate in depositions.  The defendants who have appeared should not have to sit for more than one deposition because of the Trustee's failure to promptly serve all parties.  In addition, some parties were recently served, and have not yet answered and appeared,

---

[1] The Trustee's assertion that she produced the entire LSI databank to defense counsel in February 2016 is incorrect.  Counsel for Cohen received access on March 4, 2016.

while many of those who have appeared, including Cohen, must now file answers in light of the Court's rulings on the motions to dismiss.

The Trustee also argues that she must begin depositions in order to timely produce the Initial Expert Designations and Reports by July 8, 2016.  (Pl. Mot. at 6.)  But as counsel for Cohen has repeatedly told the Trustee, we have no objection to extending the Initial Expert Designations and Reports deadline.  The Trustee's proposed schedule cannot realistically be met. Cohen and his counsel cannot (1) complete review of the 1,000,000 pages of documents from the LSI database; (2) address any deficiencies in that production; (3) prepare Cohen for his deposition; and (4) prepare for depositions of the other defendants the Trustee wants to depose imminently, all while setting aside 15 business days in June, July, August, and September for the actual taking of depositions in this matter.  Cohen therefore requests that the Court amend the Scheduling Order as follows:

| | |
|---|---|
| Initial Expert Designations and Report | December 8, 2016 |
| Responsive Expert Designations and Report | January 8, 2017 |
| Mediation | February 8, 2017 |
| Completion of Discovery | March 7, 2017 |
| Dispositive Motions | April 4, 2017 |
| Expert Objections | June 27, 2017 |

**CONCLUSION**

For these reasons, Defendant Cohen respectfully requests that this Court deny Plaintiff's Motion to Compel and grant Defendant's Motion to Quash.  Defendant Cohen further requests that the Court amend the Scheduling Order as set forth above.

Dated:  May 27, 2016                    Respectfully submitted,

                                        SIDLEY AUSTIN LLP


                                        By: *s/ Tracy N. LeRoy*
                                        Tracy N. LeRoy
                                        tleroy@sidley.com
                                        State Bar No. 24062847
                                        Sarah M. Valenti
                                        Sarah.valenti@sidley.com
                                        State Bar No. 24088568
                                        Wells Fargo Plaza
                                        1000 Louisiana Street
                                        Suite 6000
                                        Houston, TX 77002
                                        Telephone: (713) 495-4510
                                        Facsimile: (713) 495-7799

                                        Vance L. Beagles
                                        vance.beagles@sidley.com
                                        State Bar No. 00787052
                                        2001 Ross Avenue, Ste. 3600
                                        Dallas, TX 75201
                                        Telephone: (214) 981-3300
                                        Facsimile: (214) 981-3400

                                        Attorneys for Matthew Cohen

**CERTIFICATE OF SERVICE**

I hereby certify on the 27th day of May, 2016, that all parties have been served with the foregoing Motion to Quash and Response to Motion to Compel Deposition Dates through the Court's ECF system, or if such party does not accept service through the Court's ECF system, then by first class mail.


*s/ Tracy N. LeRoy*