IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CAREY D. EBERT | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No.: 4:15-cv-225-O |
| | § | |
| MICHAEL GUSTIN, et al. | § | |
| | § | |
| Defendants | § | |

**HARVEY AND HELEN KLEBANOFF'S AMENDED
ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO
CAREY D. EBERT'S SECOND AMENDED AND RESTATED COMPLAINT**

Harvey Klebanoff and Helen Klebanoff, (the "Klebanoff Defendants") in the above and numbered adversary proceeding file this amended answer, defenses, and affirmative defenses to the Second Amended and Restated Complaint (the "Complaint") document No. 34 filed by Carey D. Ebert, as Trustee (the "Trustee"), for the chapter 11 estate of Latitude Solutions, Inc. ("LSI"), and in support thereof, do respectfully show the Court as follows:[1]

## I.    Introduction

1.    The Complaint makes many inaccurate allegations and bundles pejorative generalizations. The identification of the Klebanoff Defendants as part of the Appel/Bartlett Group is a mischaracterization the Klebanoff Defendants deny. With respect to Harvey Klebanoff, he was terminated and ousted early in 2012. No direct association is drawn with respect to Helen

---

1 The Klebanoff Defendants deny each and every allegation, matter, statement or thing contained in the Complaint, except as may be hereinafter admitted, qualified or otherwise explained, and demand strict proof thereof. The Klebanoff Defendants reserve their right to amend this answer, including defenses, and affirmative defenses, up and through the time of trial as permitted by Federal Rule of Civil Procedure 15, and when and if, during the course of its investigation, discovery, or preparation for trial, it becomes appropriate to amend this answer.

1

Klebanoff except her receipt of small payments, the receipt of stock and the transfer of some stock to related parties or for tax purposes. The Trustee recognized the commercial viability of the product being developed. Prior to the exclusion of Harvey Klebanoff from the company, there was a plan to bring the company to revenue and representations of financial support from investors. A change of management forced Harvey Klebanoff out of the company. The Klebanoff Defendants are not able to speak to the actions of the "second board" or the management of the company during that period of time following Harvey Klebanoff leaving the company. The Klebanoff Defendants also call to the attention of the trier of fact the misleading implications in the Complaint suggest the Klebanoff Defendants sold stock. The Klebanoff Defendants believed in the value of LSI and still hold stock today. The Klebanoff Defendants believe the inflammatory statements are in the Complaint for the purpose of biasing the Court prior to the presentation of evidence.

2.      The Trustee continues to fail to describe the who, what, when, where, and how of any alleged "scheme."

3.      The Klebanoff Defendants deny the compound general factual allegations that are mixed with legal allegations in paragraphs 1 through 4 of the Complaint.

## II.      Jurisdiction and Venue

4.      In paragraph 5 of the Complaint, the Trustee suggests this Court has jurisdiction pursuant to 28 U.S.C. §157 and §1334. In connection with paragraphs 5 through 11, the Trustee is asserting legal argument and authority. As a result, no admission or denial of factual allegations is required. To the extent factual allegations not previously raised are included in the legal arguments, those factual allegations are denied unless previously admitted.

5.      The Klebanoff Defendants admit the allegations in paragraph 8 of the Complaint.

6.      The Klebanoff Defendants deny the allegations in paragraph 9 of the Complaint.

7. The Klebanoff Defendants admit the allegations in paragraph 10 and 11 of the Complaint.

### III. Parties

8. The Trustee has filed an adversary proceeding against multiple defendants including Harvey Klebanoff and Helen Klebanoff.

9. Paragraphs 12 through 110 of the Complaint allegedly are for the purpose of identifying the Defendants. Yet the statements made in many of those paragraphs appear to be intended to inflame a jury or other trier of fact, rather than merely identifying the parties.

### IV.  The Trustee

10. The Klebanoff Defendants admit the allegations in paragraph 12 of the Complaint..

11. The Klebanoff Defendants admit the allegations in paragraph 13 of the Complaint.

### V. The Defendants.

### Howard Miller Appel.

12. With respect to Howard Appel, the compound allegations in paragraphs 14 through 27 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants. Because those allegations have woven with legal conclusions such as the allegation in paragraph 14 unnamed actions were tortious and the allegations in paragraph 15 of the Complaint unnamed actions were illegal and/or fraudulent. The Klebanoff Defendants deny the compound allegations in paragraph 14 and paragraph 15 of the Complaint.

13. The Klebanoff Defendants are without knowledge of the allegations in paragraph 16 of the Complaint; therefore, they are denied.

14. The Klebanoff Defendants are without knowledge of the allegations in paragraph 17 of the Complaint; therefore, they are denied.

15. The conclusory leaps made in paragraphs 18 and 19 of the Complaint are wholly

3

unsubstantiated. The Klebanoff Defendants had no involvement with those alleged actions, even if those alleged actions are true. The Klebanoff Defendants lack knowledge and information sufficient to form a belief about the truth of those allegation; therefore, the allegations in paragraph 18 and 19 are denied.

16.    The Klebanoff Defendants are without knowledge of the allegations in paragraphs 20 through 27 of the Complaint; therefore, they are denied.

## Ernest A. Bartlett, III.

17.    With respect to Ernest A. Bartlett, III, the allegations concerning that individual in paragraphs 28 through 36 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants. Again, woven through those allegations are unsubstantiated legal conclusions and accusations. The Klebanoff Defendants therefore deny the compound allegations in paragraphs 28 through 36 of the Complaint.

## Harvey N. Klebanoff.

18.    With respect to the allegations concerning Harvey Klebanoff in paragraph 37 of the Complaint, those allegations are denied..

19.    The Klebanoff Defendants deny the compound allegations in paragraph 38 of the Complaint. It is noteworthy that the Trustee fails to describe the actions taken by Mr. Klebanoff. The term Fraudulent Scheme is defined in the Complaint in paragraph 1. That definition suggests there was a complex, fraudulent enterprise to control and manipulate LSI and its stock, which included a "pump-and-dump" scheme. The who, what, when, and how of the participation by Mr. Klebanoff in the alleged pump-and-dump scheme is not described. Notably, the fact that the Trustee "assumes" that Harvey Klebanoff sold to the public shows the lack of diligence on the part of the Trustee in bringing the allegations made in the Complaint. The Trustee fails to describe the actions that the Trustee describes as pumping. The Trustee fails to describe the actions that would

4

support an allegation of dumping. The Klebanoff Defendants do specifically allege that at no time did they sell stock of LSI. The Klebanoff Defendants do acknowledge the transfer of some stock to related parties or for tax purposes.

20.    The Klebanoff Defendants admit the allegations in paragraph 39 of the Complaint in part. The Klebanoff Defendants admit that Harvey Klebanoff served on the Board of Directors from its inception, but as of January 18, 2012, he served the as a Director Emeritus lacking any authority to bind LSI until April 22, 2012.

21.    The Klebanoff Defendants expressly allege that at the time the Harvey Klebanoff was terminated, LSI had assurances of financial support from John Paul DeJoria to take the company to the next level. Based in part upon those representations of future support, Harvey Klebanoff agreed to step aside. Most of the records of Harvey Klebanoff were not surrendered by LSI, but should remain in possession of that entity. The delay of the trustee in bringing the action combined with the way the records have been made available prejudice the ability of the Klebanoff Defendants to defend themselves.

22.    The Klebanoff Defendants deny the compound allegations in paragraph 40 of the Complaint. Harvey Klebanoff was an employee and did received compensation for his work; however that compensation was reasonable and was not excessive.

23.    The compound allegations in paragraph 41 of the Complaint are for the purpose of attempting to bias the reader without being descriptive of specific actions or damages. Those compound allegations are denied as untrue.

24.    The compound allegations in paragraph 42 of the Complaint are denied. The allegations in that paragraph mischaracterize the events that occurred more than 40 years ago.

25.    The compound allegations in paragraph 43 of the Complaint contain mischaracterizations, and are therefore denied. The Klebanoff Defendants expressly deny that

5

Gulfstream Capital Group, LLC is an alter ego of Harvey Klebanoff. That entity was authorized to and did receive compensation for the benefit of Harvey Klebanoff while that entity maintained an independent legal existence. Gulfstream Capital Group, LLC is not a party to this litigation.

26.     The allegations in paragraph 44 of the Complaint suggest that at all relevant times to this proceeding, Harvey Klebanoff was an insider. While it is unclear what times the Trustee considers relevant, those allegations are denied. Harvey Klebanoff was an employee and a director of LSI. At all times while he served in either of those capacities, he provided fair value for any consideration he received from LSI. At the time of his termination from those positions, he negotiated a severance agreement at arm's length which was also supported by consideration. LSI provided a release to Harvey Klebanoff. LSI subsequently engaged in the unauthorized use of Harvey Klebanoff's credit; therefore, Harvey Klebanoff is entitled to a credit for the damages imposed upon him.

27.     To the extent allegations are made at other places in this answer concerning the denial of the Trustee's allegation or the assertion of affirmative facts or defenses, it is the intention of the Klebanoff Defendants that those allegations are incorporated in this section.

### Helen Klebanoff.

28.     It appears that the Trustee is content to include Helen Klebanoff as a defendant because she is married to Harvey Klebanoff. No express factual or legal theory is included in the Complaint that states a cause of action against Helen Klebanoff that would entitle the Trustee to recovery. The Trustee has claimed LSI was insolvent at all relevant times. The admission of the trustee means LSI did not transfer property of the estate to Helen Klebanoff in the form of equity.

29.     With respect to the Defendant Helen Klebanoff, the compound allegations in paragraph 45 of the Complaint are denied. Specifically, the complaint fails to allege  any acts or omissions that give rise to any liability.

30.     With respect to the compound allegations in paragraph 46 of the Complaint, there is a suggestion that at all relevant times, Helen Klebanoff was an insider; those allegations are unsupported and denied.

### Vernon Ray Harlow.

31.     The compound allegations concerning Vernon Ray Harlow in paragraphs 47 through 53 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

### Matthew Cohen.

32.     The compound allegations concerning Matthew Cohen in paragraphs 54 through 62 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

### Deborah Cohen.

33.     The compound allegations concerning Deborah Cohen in paragraphs 63 through 64 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

### Hawk Management Group, Inc.

34.     The compound allegations concerning Hawk Management Group, Inc. in paragraph 65 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

### Virginia Dadey.

35.     The compound allegations concerning Virginia Dadey in paragraphs 66 through 69 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

### Bellcrest Advisors, LLC.

36.    The compound allegations concerning Bellcrest Advisors, LLC in paragraph 70 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

### Jeffrey Wohler.

37.    The compound allegations concerning Jeffrey Wohler in paragraphs 71 through 78 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

### Michael Gustin.

38.    The compound allegations concerning Michael Gustin in paragraphs 79 through 88 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

### John Paul DeJoria.

39.    The compound allegations concerning John Paul DeJoria in paragraphs 89 through 99 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

### The Unsupported Assumptions of the Trustee Concerning Grouped Entities.

40.    The Klebanoff Defendants deny the allegations in paragraph 100 of the Complaint. The so-called "Fraudulent Scheme" alleged in the Complaint is neither defined nor supported by any factual allegations.

### RMS Advisors, Inc.

41.    The compound allegations concerning RMS Advisors, Inc., Inc. in paragraph 101 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

8

## Capital Growth Realty, Inc.

42.    The compound allegations concerning Capital Growth Realty, Inc. in paragraph 102 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

## Capital Growth Investment Trust.

43.    The compound allegations concerning Capital Growth Investment Trust in paragraph 103 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

## DIT Equity Holdings, Inc.

44.    The compound allegations concerning DIT Equity Holdings, Inc. in paragraph 104 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

## Discretionary Investment Trust.

45.    The compound allegations concerning the Discretionary Investment Trust in paragraph 105 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

## KWL Exploration and Development, Inc.

46.    The compound allegations concerning KWL Exploration and Development, Inc. in paragraph 106 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

## Moggle Investors, LLC.

47.    The compound allegations concerning Moggle Investors, LLC in paragraph 107 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

### FEQ Realty, LLC.

48.     The compound allegations concerning FEQ Realty, LLC in paragraph 108 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

### Wiltomo Redemption Foundation.

49.     The compound allegations concerning Wiltomo Redemption Foundation in paragraph 109 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

### TSS Investments, Inc.

50.     The compound allegations concerning TSS Investments, Inc. in paragraph 110 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

### SLD Capital Corp.

51.     The compound allegations concerning SLD Capital Corp. in paragraph 111 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

### DeRose Family Trust.

52.     The compound allegations concerning DeRose Family Trust in paragraph 112 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

### Michael Garnick.

53.     The compound allegations concerning Michael Garnick in paragraph 113 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

## SST Advisors, Inc.

54.    The compound allegations concerning SST Advisors, Inc. in paragraph 114 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

## Sean A. Spearman.

55.    The compound allegations concerning Sean A. Spearman in paragraph 115 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

## Ascendiant Capital Markets, LLC.

56.    The compound allegations concerning Ascendiant Capital Markets, LLC in paragraph 116 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

57.    At the end of paragraph 116, Trustee includes a section that is styled "DEFINED TERMS" and has hanging unnumbered paragraphs attempting to define terms to be used later in the Complaint. Those unnumbered hanging paragraphs fail to explain a nexus between the persons or parties within those groups. To the extent the terms "Appel/Bartlett Group," "Director and Officer Defendants," "Defendants," "First Board," and "Insider Defendants" purport to create any sort of link or nexus between the Klebanoff Defendants and the other parties named in said groups, such allegations are denied.

58.    The Trustee defines some terms. For the purpose of capitalized terms in this pleading, to the extent that those defined terms are included in the Complaint, it is the intention of the Klebanoff Defendants to use those defined terms, except as otherwise stated.

### VI. Admission or Denial of Alleged Background Facts

59.    The compound allegations in a paragraph 117 are denied.

11

60.    The compound allegations in Paragraph 118 are denied. The Complaint fails to allege who allegedly acted, what they allegedly did, or why that gives rise to any recovery.

61.    To the extent paragraph 119 of the Complaint identifies Latitude as having core products in the mobile water remediation area, such allegation is admitted. The remaining allegations in paragraph 119 of the Complaint contain inaccuracies and are subject to further explanation.

62.    Insofar as paragraph 120 alleges that the first and second generation of LSI's products were manufactured by IP Automation, Inc. and Jabil Circuit, Inc., respectively, such allegations are admitted.  Insofar as paragraph 120 alleges that IP Automation, Inc. and Jabil Circuit, Inc. are owed any alleged monies and are "significant creditors" of LSI, the Klebanoff Defendants lack knowledge and information sufficient to form a belief about the truth of those allegations; therefore, those allegations in paragraph 120 are denied.

63.    The compound allegations in paragraph 121 of the Complaint are characterized in a way that is not accurate, false, and misleading; therefore those compound allegations are denied.

64.    The compound allegations in paragraph 122 of the Complaint are characterized in a way that is not accurate, false, and misleading; therefore those compound allegations are denied.

65.    The compound allegations in paragraph 123 of the Complaint are characterized in a way that is not accurate, false, and misleading; therefore those compound allegations are denied.

66.    The compound allegations in paragraph 124 of the Complaint are characterized in a way that is not accurate, false, and misleading; therefore those compound allegations are denied.

67.    The compound allegations in paragraph 125 of the Complaint are characterized in a way that is not accurate, false, and misleading; therefore those compound allegations are denied.

68.    The compound allegations in paragraph 126 of the Complaint are not accurate and are therefore denied.

69.     The Klebanoff Defendants are without knowledge of and unable to verify the alleged facts after a reasonable inquiry, and therefore deny the allegations in paragraph 127 of the Complaint.

70.     The Klebanoff Defendants are without knowledge of and unable to verify the alleged facts after a reasonable inquiry, and therefore deny the allegations in paragraph 128 of the Complaint.

71.     The Klebanoff Defendants are without knowledge of and unable to verify the alleged facts after a reasonable inquiry, and therefore deny the allegations in paragraph 129 of the Complaint.

### Response to Allegations Related to Cohen, Kaye and Appel.

72.     The allegations in paragraph 130 of the Complaint are denied.

73.     The Klebanoff Defendants are without knowledge of and unable to verify the alleged facts after a reasonable inquiry, and therefore deny the allegations in paragraph 131 of the Complaint.

74.     The Klebanoff Defendants are without knowledge of and unable to verify the alleged facts after a reasonable inquiry and therefore deny the allegations in paragraph 132 of the Complaint.

75.     The Klebanoff Defendants are without knowledge of and unable to verify the alleged facts after a reasonable inquiry and therefore deny the allegations in paragraph 133 of the Complaint.

### Response to Allegations Related to LSI Subsidiaries.

76.     The compound allegations in paragraph 134 of the Complaint are denied.

77.     The compound allegations in paragraph 135 of the Complaint are subject to further explanation and clarification; therefore, the allegations are denied.

78.     The compound allegations in paragraph 136 of the Complaint are subject to further explanation and clarification; therefore, the allegations are denied.

79.     The compound allegations in paragraph 137 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are denied.

80.     The compound allegations in paragraph 138 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

81.     The compound allegations in paragraph 139 mischaracterize facts and are therefore denied.

82.     The allegations in paragraph 140 of the Complaint are denied.

83.     The allegations in paragraph 141 of the Complaint are denied. The companies did have meaningful operations.

**Response to Allegations Related to Latitude, Energy Services, LLC.**

84.     The Klebanoff Defendants are without knowledge of and unable to verify the alleged facts after a reasonable inquiry, and therefore deny the allegations in paragraph 142 of the Complaint.

85.     The Klebanoff Defendants are without knowledge of and unable to verify the alleged facts after a reasonable inquiry, and therefore deny the allegations in paragraph 143 of the Complaint.

86.     The allegations in paragraph 144 of the Complaint are denied.

87.     The Klebanoff Defendants are without knowledge of and unable to verify the alleged facts after a reasonable inquiry, and therefore deny the allegations in paragraph 145 of the Complaint.

88.     The Klebanoff Defendants are without knowledge of and unable to verify the alleged facts after a reasonable inquiry, and therefore deny the allegations in paragraph 146 of the Complaint.

89.     The Klebanoff Defendants are without knowledge of and unable to verify the alleged facts after a reasonable inquiry, and therefore deny the allegations in paragraph 147 of the Complaint.

**Response to Allegations Related to BAMCO, Texas Midstream, Freedom Pipeline and Red Mountain Resources.**

90.     The compound allegations in paragraph 148 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are denied.

91.     The compound allegations in paragraph 149 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are denied.

92.     The compound allegations in paragraph 150 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are denied.

93.     The compound allegations in paragraph 151 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are denied.

94.     The compound allegations in paragraph 152 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are denied.

95.     The compound allegations in paragraph 153 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are denied.

96.     The compound allegations in paragraph 154 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are denied.

97.     The compound allegations in paragraph 155 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are denied.

15

98.     The compound allegations in paragraph 156 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are denied.

### Response to Allegations Related to Howard Appel.

99.     The compound allegations in paragraph 157 of the Complaint are denied.

100.    The compound allegations in paragraph 158 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are denied.

101.    The compound allegations in paragraph 159 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are denied.

### Response to Allegations Related to Appel Pump-and-Dump.

102.    The compound allegations in paragraph 160 of the Complaint are denied.

### Response to Allegations Related to Claims of Fraudulent Transfers.

103.    The compound allegations in paragraph 161 of the Complaint are denied.

104.    The compound allegations in paragraph 162 of the Complaint are denied.

105.    The compound allegations in paragraph 163 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

106.    The compound allegations in paragraph 164 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

107.    The compound allegations in paragraph 165 of the Complaint are denied.

### Response to Allegations Related to Claims of Pumping.

108.    The compound allegations in paragraph 166 of the Complaint are denied, including the suggestion that Harvey Klebanoff controlled the meetings, marketing, websites and internet blogs.

### Response to Allegations Related to False and Misleading Statements.

109.    The compound allegations in paragraphs 167 through 284 of the Complaint are

largely beyond the personal knowledge of the Klebanoff Defendants and are therefore denied. To the extent any part of those allegations are within the knowledge of the Klebanoff Defendants, those are denied.

**Response to Allegations Related to Claims of Profits from the Sale, Trade, or Transfer of LSI Stock.**

110.    The compound allegations in paragraphs 285 through 287 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied. To the extent any part of those allegations are within the knowledge of the Klebanoff Defendants, those are denied.

**Response to Allegations Related to Claims of Cross-Trading.**

111.    The compound allegations in paragraphs 288 through 297 of the Complaint are denied.

**Response to Allegations Related to Claims of DTC Report Usage.**

112.    The allegations in paragraphs 298 are admitted.

113.    The compound allegations in paragraph 299 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

114.    The compound allegations in paragraph 300 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

115.    The compound allegations in paragraph 301 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

116.    The compound allegations in paragraph 302 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

117.    The compound allegations in paragraph 303 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

17

118.    The compound allegations in paragraph 304 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

119.    The compound allegations in paragraph 305 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

120.    The compound allegations in paragraph 306 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

121.    The compound allegations in paragraph 307 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

122.    The compound allegations in paragraph 308 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

123.    The compound allegations in paragraph 309 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

124.    The compound allegations in paragraph 310 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

125.    The compound allegations in paragraph 311 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

126.    The compound allegations in paragraph 312 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

127.    The compound allegations in paragraph 313 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

**Response to Allegations Related to the Second Board – Appel, Bartlett and Cohen.**

128.    The compound allegations in paragraph 314 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

129. The compound allegations in paragraph 315 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

130. The compound allegations in paragraph 316 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

131. The compound allegations in paragraph 317 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

132. The compound allegations in paragraph 318 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

133. The compound allegations in paragraph 319 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

134. The compound allegations in paragraph 320 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

135. The compound allegations in paragraph 321 of the Complaint are denied.

136. The compound allegations in paragraph 322 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

137. The compound allegations in paragraph 323 of the Complaint are denied.

138. The compound allegations in paragraph 324 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

**Response to Allegations Related to Concerning the DeJoria $2,000,000 Loans.**

139. The compound allegations in paragraph 325 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied. The Klebanoff Defendants do not have a copy of the document referred to determine the accuracy of this allegation.

19

140.    The compound allegations in paragraph 326 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

141.    The compound allegations in paragraph 327 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

142.    The compound allegations in paragraph 328 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

143.    The compound allegations in paragraph 329 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

144.    The compound allegations in paragraph 330 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

145.    The compound allegations in paragraph 331 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

146.    The compound allegations in paragraph 332 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

147.    The compound allegations in paragraph 333 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

148.    The compound allegations in paragraphs 334 through 353 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

**Response to Allegations Related to Claims of LSI as the Victim.**

149.    The compound allegations in paragraph 354 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

150.    The compound allegations in paragraph 355 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

20

151. The compound allegations in paragraph 356 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

152. The compound allegations in paragraph 357 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

153. The compound allegations in paragraph of 358 the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

154. The compound allegations in paragraph 359 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

155. The compound allegations in paragraph 360 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

156. The compound allegations in paragraph 361 of the Complaint are denied.

**Response to Allegations Related to Appel Controlling LSI Shares.**

157. The compound allegations in paragraph 362 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

158. The compound allegations in paragraph 363 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

159. The compound allegations in paragraph 364 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

160. The compound allegations in paragraph 365 of the Complaint are denied.

161. The compound allegations in paragraph 366 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

**Response to Allegations Related to DeJoria Joining the Board.**

162.    The compound allegations in paragraph 367 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

163.    The compound allegations in paragraph 368 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

164.    The compound allegations in paragraph 369 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

165.    The compound allegations in paragraph 370 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

166.    The compound allegations in paragraph 371 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

167.    The compound allegations in paragraph 372 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

**Response to Allegations Concerning Jose Lugo.**

168.    The compound allegations in paragraph 373 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

169.    The compound allegations in paragraph 374 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

170.    The compound allegations in paragraph 375 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

171.    The compound allegations in paragraph 376 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

172.    The compound allegations in paragraph 377 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

22

173.    The compound allegations in paragraph 378 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

174.    The compound allegations in paragraph 379 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

**Response to Allegations Concerning Trading.**

175.    The compound allegations in paragraph 380 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

176.    The compound allegations in paragraph 381 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

177.    The compound allegations in paragraph 382 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

178.    The compound allegations in paragraph 383 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

179.    The compound allegations in paragraph 384 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

**Responsive to Allegations of Animal Questions.**

180.    The compound allegations in paragraph 385 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

181.    The compound allegations in paragraph 386 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

182.    The compound allegations in paragraph 387 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

183.    The compound allegations in paragraph 388 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

184.   The compound allegations in paragraph 389 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

185.   The compound allegations in paragraph 390 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

### Response to Allegations of the Role of Ascendiant

186.   The compound allegations in paragraphs 391 through 396 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

### Response to Allegations of Ascendiant Customers: Defendants

187.   The compound allegations in paragraphs 397 through 412 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

### Response to Allegations of Ascendiant Customers; Affiliates of Appel and Bartlett

188.   The compound allegations in paragraphs 413 through 423 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

### Response to Allegations of Ascendiant's Role in the Fraudulent Scheme

189.   The compound allegations in paragraphs 424 through 430 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

### Response to Allegations of Stock Transfers.

190.   The compound allegations in paragraph 431 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

191.   The compound allegations in paragraph 432 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

192.   The compound allegations in paragraph 433 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

193.   The compound allegations in paragraph 434 of the Complaint are beyond the

24

personal knowledge of the Klebanoff Defendants, and are therefore denied.

194.    The compound allegations in paragraph 435 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

195.    The compound allegations in paragraph 436 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

196.    The compound allegations in paragraph 437 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

**Response to Allegations Regarding the Second Board – LSI Control.**

197.    The compound allegations in paragraph 438 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are denied.

198.    The compound allegations in paragraph 439 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are denied.

199.    The compound allegations in paragraphs 440 through 441 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are denied.

**Response to Allegations Regarding LSI's Deepening Insolvency**

200.    In connection with a previously filed motion to dismiss and subsequent order of this Court, the allegations related to paragraphs 442 through 454 of the Complaint were dismissed with respect to the suggestion that those constitute a separate cause of action. To the extent that factual allegation woven into the argument and request for relief in those paragraphs have not previously been dismissed or denied, those compound allegations are denied.

**Response to Allegations Regarding LSI's Premature Relationship with Jabil**

201.    The compound allegations in paragraphs 455 are beyond the personal knowledge of the Klebanoff Defendants. Jabil Circuit, Inc., ("Jabil") is a large and sophisticated publicly

traded company. The allegations in paragraph 455 may not be exactly correct, but are not denied for the purpose of this response.

202. The allegations in paragraph 456 of the Complaint are denied. The LSI version of the technology was proprietary. While electrocoagulation was not a new concept, the widespread application of electrocoagulation is likely to occur in the future and is likely to materially impact waste water treatment.

203. The allegations in paragraph 457 of the Complaint are denied. Upon information and belief, Jabil does involve itself heavily in the design and manufacture of products. It does, however, rework, troubleshoot, and even guarantee, its work in connection with its manufacturing. These services are provided in conjunction with those companies that it works with, but the expertise of Jabil is one of the reasons that Jabil is a major manufacturer.

204. The allegations in paragraph 458 of the Complaint are denied. In order to bring a development product to market, the design of the product must be integrated into manufacturing.

205. The compound allegations in paragraph 459 of the Complaint are denied.

206. The compound allegations in paragraph 460 of the Complaint are denied.

207. The compound allegations in paragraph 461 of the Complaint are denied.

208. The compound allegations in paragraph 462 of the Complaint are denied. The Klebanoff Defendants agree with the allegation that LSI had the potential to develop into a viable business and that the units were a potentially viable commercial product. The allegations in paragraph 462 of the Complaint are not pled in the alternative, but are inconsistent. If the equipment was viable, then it was not doomed to certain failure. Using the language of the Trustee from the complaint, the Trustee is attempting to play both sides.

209. The compound allegations in paragraph 463 of the Complaint are denied.

210. The compound allegations in paragraph 464 of the Complaint are denied.

**Response to Allegations Concerning the Second Board on Both Sides.**

211.    The compound allegations in paragraph 465 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are denied.

212.    The compound allegations in paragraph 466 of the Complaint are denied as they are beyond the personal knowledge of the Klebanoff Defendants.

213.    The compound allegations in paragraph 467 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

214.    The compound allegations in paragraph 468 of the Complaint are denied as they are beyond the personal knowledge of the Klebanoff Defendants.

**Response to Allegations of Cohen's Sexual Harassment.**

215.    The compound allegations in paragraph 469 of the Complaint are denied as they are beyond the personal knowledge of the Klebanoff Defendants.

216.    The compound allegations in paragraph 470 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are denied.

217.    The compound allegations in paragraph 471 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are denied.

218.    The compound allegations in paragraph 472 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are denied.

**Response to Allegations Related to Fax.**

219.    The compound allegations in paragraph 473 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are denied.

220.    The compound allegations in paragraph 474 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are denied.

221.    The compound allegations in paragraph 475 of the Complaint are denied.

222. The compound allegations in paragraph 476 of the Complaint are denied.

223. The compound allegations in paragraph 477 of the Complaint are denied.

224. The compound allegations in paragraph 478 of the Complaint are denied.

225. The compound allegations in paragraph 479 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

226. The compound allegations in paragraph 480 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

227. The compound allegations in paragraph 481 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

228. The compound allegations in paragraph 482 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

229. The compound allegations in paragraphs 483 through 484 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

### Response to Allegations of Keystone Cops.

230. The compound allegations in paragraph 485 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

231. The compound allegations in paragraph 486 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

232. The compound allegations in paragraph 487 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

233. The compound allegations in paragraph 488 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

### Response to Allegations Regarding Appel, Bartlett and DeJoria.

234. The compound allegations in paragraph 489 of the Complaint are beyond the

28

personal knowledge of the Klebanoff Defendants, and are therefore denied.

235.    The compound allegations in paragraph 490 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

236.    The compound allegations in paragraph 491 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

237.    The compound allegations in paragraph 492 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

238.    The compound allegations in paragraph 493 the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

239.    The compound allegations in paragraph 494 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

240.    The compound allegations in paragraph 495 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

241.    The compound allegations in paragraphs 496 through 497 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

**Response to Allegations About Wohler Claims.**

242.    The compound allegations in paragraph 498 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

243.    The compound allegations in paragraph 499 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

244.    The compound allegations in paragraph 500 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

245.    The compound allegations in paragraph 501 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

29

**Response to Allegations of Gross Incompetence.**

246.   The allegations in paragraph 502 constitute legal argument and do not require admission or denial.

247.   The allegations in paragraph 503 constitute legal argument and do not require admission or denial.

248.   The compound allegations in paragraph 504 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants and are therefore denied.

249.   The compound allegations in paragraph 505 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

250.   The compound allegations in paragraph 506 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

251.   The compound allegations in paragraph 507 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

252.   The compound allegations in paragraph 508 of the Complaint are denied.

253.   The compound allegations in paragraph 509 of the Complaint are denied.

254.   The allegations in paragraph 510 are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

255.   The compound allegations in paragraph 511 of the Complaint are denied.

256.   The compound allegations in paragraph 512 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

257.   The compound allegations in paragraph 513 of the Complaint are denied.

258.   The compound allegations in paragraph 514 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

259.   The compound allegations in paragraph 515 of the Complaint are beyond the

personal knowledge of the Klebanoff Defendants, and are therefore denied.

260. The compound allegations in paragraph 516 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

261. The compound allegations in paragraph 517 of the Complaint are denied.

262. The compound allegations in paragraph 518 of the Complaint are denied.

263. The compound allegations in paragraph 519 of the Complaint are denied.

264. The compound allegations in paragraph 520 of the Complaint are denied.

**Response to Allegations to Langdon.**

265. The compound allegations in paragraph 521 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

266. The compound allegations in paragraph 522 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

267. The compound allegations in paragraph 523 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

268. The compound allegations in paragraph 524 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

269. The compound allegations in paragraph 525 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

270. The compound allegations in paragraph 526 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

271. The compound allegations in paragraph 527 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

272. The compound allegations in paragraph 528 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

273. The compound allegations in paragraph 529 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

274. The compound allegations in paragraph 530 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

275. The compound allegations in paragraph 531 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

276. The compound allegations in paragraph 532 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

277. The compound allegations in paragraph 533 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

278. The compound allegations in paragraph 534 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

279. The compound allegations in paragraph 535 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

280. The compound allegations in paragraph 536 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

281. The compound allegations in paragraph 537 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

282. The compound allegations in paragraph 538 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

283. The compound allegations in paragraph 539 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

284. The compound allegations in paragraph 540 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

285.    The compound allegations in paragraph 541 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

286.    The compound allegations in paragraph 542 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

287.    The compound allegations in paragraph 543 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

288.    The compound allegations in paragraph 544 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

289.    The compound allegations in paragraph 545 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

290.    The compound allegations in paragraph 546 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

**Response to Allegations Regarding Second Board.**

291.    The compound allegations in paragraph 547 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

292.    The compound allegations in paragraph 548 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

**Response to Allegations Related to Suggestion that Second Board Hopes to Cover.**

293.    The compound allegations in paragraph 549 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

294.    The compound allegations in paragraph 550 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

295.    The compound allegations in paragraph 551 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

296.    The compound allegations in paragraph 552 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

297.    The compound allegations in paragraph 553 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

298.    The compound allegations in paragraph 554 of the Complaint are beyond the personal knowledge of the Klebanoff Defendants, and are therefore denied.

## VII.   Law
### Count One – Response to Avoidance 544(b) and 550 and FUFTA Section 726.101

299.    The allegations in paragraphs 555 through 569 of the Complaint are denied; the Trustee is not entitled to recover any of the items stated in this Count of the Complaint or elsewhere.

## VIII.

### Count Two – Response to Avoidance of Transfers Under Section 548 and 550

300.    Paragraphs 570 through 581 of the Complaint are denied; the Trustee is not entitled to recover any of the items stated in this Count of the Complaint or elsewhere.

## IX.

### Count Three - Response to Alleged Breach of Fiduciary Duty

301.    Paragraphs 582 through 590 of the Complaint are denied; the Trustee is not entitled to recover any of the items stated in this Count of the Complaint or elsewhere.

## X.

### Count Four - Response to Alleged Aiding and Abetting Breach of Fiduciary Duty

302.    Paragraphs 591 through 596 of the Complaint are denied; the Trustee is not entitled to recover any of the items stated in this Count of the Complaint or elsewhere.

## XI.

**Count Five - Response to Fraud Against All Defendants**

303.    Paragraphs 597 through 606 of the Complaint are denied; the Trustee is not entitled to recover any of the items stated in this Count of the Complaint or elsewhere.

## XII.

**Count Six - Response to Alleged Conspiracy to Commit Fraud**

304.    The paragraphs 607 through 610 are denied; the Trustee is not entitled to recover any of the items stated in this Count of the Complaint or elsewhere.

## XIII.

**Count Seven - Response to Alleged Aiding and Abetting fraud**

305.    The paragraphs 611 through 616 are denied; the Trustee is not entitled to recover any of the items stated in this Count of the Complaint or elsewhere.

## XIV.

**Response to Count Eight – Response to Dismissed Claim for Deepening Insolvency**

306.    Paragraphs 617 through 625 of the Complaint are denied; the Trustee is not entitled to recover any of the items stated in this Count of the Complaint or elsewhere.

307.    The Court by order entered since the filing of the Complaint has ruled that Count Eight is not a separate legal count and is dismissed.

## XV.

**Response to Count Nine – Response to Dismissed Claim for Unjust Enrichment**

308.    The paragraphs 626 through 633 are denied; the Trustee is not entitled to recover any of the items stated in this Count of the Complaint or elsewhere.

309.    Helen Klebanoff is included in the Count Nine for punitive damages and attorney's fees. With respect to Helen Klebanoff, that count is frivolous. The Complaint does not suggest any

lie, misrepresentation, representation or action on her part other than the receipt of property by reference to accumulative exhibit.

## XVI.

### Response to Count Ten – Response to Claim for Punitive Damages and Attorneys' Fees

310.    Paragraphs 634 through 641 contain argument and authority for attorneys' fees. Those provisions do not require admission or denial, however, to the extent the factual allegations contained in those compound paragraphs are construed to allege new facts not previously denied, those compound allegations are denied.

## XVII.

### Request for Jury Trial by Trustee

Paragraphs 642 of the Complaint requests a jury. The Klebanoff Defendants do not object to the jury request.

## XVIII.

### Defenses & Affirmative Defenses

The Klebanoff Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparation for trial. The defenses and affirmative defenses asserted below are based on their knowledge, information, and belief at this time, and the Klebanoff Defendants specifically reserve the right to modify, amend, or supplement any defenses or affirmative defenses contained herein at any time. The Klebanoff Defendants reserve the right to assert additional defenses or affirmative defenses as information is gathered through discovery and investigation.   In asserting these defenses and affirmative defenses, the Klebanoff Defendants do not allege or admit that they have the burden of proof or persuasion with respect to any of these matters and do not assume the burden of proof

36

or persuasion with respect to any matter as to which the Trustee or other parties have the burden of proof or persuasion.

Subject to the preceding qualifications, and without admitting or conceding any matter, the Klebanoff Defendants allege and assert the following separate defenses and affirmative defenses in response to the Complaint, which are to apply to all Counts:

1.    The Complaint is barred in whole or in part by the *in pari delicto* doctrine in that LSI, through certain agents, was a knowing and active participant in all stages of the transactions that are at the center of the dispute and is therefore equally responsible for any misdeeds, shortcomings, or fraudulent transfers. The Trustee stands in the shoes of LSI, and, therefore the actions of LSI and its agents are imputed to her.

2.    The Klebanoff Defendants assert Complaint is barred in whole or in part due to their reliance on advice of accountants and professional advisors. The Klebanoff Defendants at all times acted in good faith and reliance on the advice of LSI's Chief Financial Officer, its internal and external accountants, its auditors, and professional advisors in signing off and approving LSI's filings with the SEC, approving compensation to employees and third party consultants, and providing any consent to any stock transactions by LSI or its shareholders.

3.    The Klebanoff Defendants assert that the Complaint is barred in whole or in part due to their reliance on advice of counsel. The Klebanoff Defendants at all times acting in good faith and reliance on LSI's counsel in issuing press releases, submitting filings with the SEC, approving contracts and agreements with third party consultants, and consenting to any stock transactions by LSI or its shareholders.

4.    The Klebanoff Defendants assert that the Trustee's claims are barred by the bespeaks caution doctrine because the alleged misrepresentations made in LSI's press releases and SEC filings were forward-looking and accompanied by meaningful cautionary statements and

37

specific warnings of the risks involved in investing in LSI.

5. The Klebanoff Defendants assert that the Trustee's claims are barred by the business judgment rule because throughout the relevant period, Defendant Harvey Klebanoff discharged his duties in good faith, with ordinary care, and in a manner he believed to be in the best interests of LSI. Moreover, Defendant Harvey Klebanoff acted in a reasonable manner by relying on the advice and opinions of accounting professionals, including LSI's CFO, legal counsel, and other professional advisors.

6. The Klebanoff Defendants assert the Trustee's claims are barred in whole or in part because the Trustee and/or LSI failed to mitigate its damages.

7. The Confidential Separation Agreement, Share Recapture and General Release of All Claims executed on April 22, 2012 (the "Agreement")requires that any dispute arising under or in connection with the Agreement be settled exclusively by final and binding arbitration. This pleading is not intended to waive that right to arbitration. This pleading is intended as and should be construed as a request for arbitration.

8. Due the vague nature of pleading by the Trustee, it is unclear specifically how far back the Trustee intends to attempt to reach, or the transactions the Trustee wants the Court to consider. Because the Trustee has vaguely referred to the relevant time period throughout the Complaint as "during all relevant time periods", it is unclear what the Klebanoff Defendants must raise to address these allegations. As a result, with respect to each count, the Klebanoff Defendants raise the defenses of limitations under Florida, Nevada and Texas law.

9. Because it is difficult to determine the scope of the request for recover by the Trustee, the Klebanoff Defendants assert federal limitations within the bankruptcy code, including sections 547, 548, 540, 544 and 550.

10. The Klebanoff Defendants assert laches in connection with the delay of the trustee

in bringing the action against the Klebanoff Defendants.

11.    The Klebanoff Defendants assert the defense of waiver, including but not limited to, in connection with LSI and the facts surrounding the termination of Harvey Klebanoff and the agreements entered between the parties, including but not limited to the Agreement as defined in paragraph 7 above.

12.    The Klebanoff Defendants assert that the Trustee is collaterally estopped from pursuing the claims alleged in the Complaint.

13.    The Trustee is barred by the doctrine of unclean hands in that LSI, through certain of its agents, acted improperly in relation to the transactions at the center of this dispute.

14.    The Klebanoff Defendants assert that the damages were not approximately caused by the acts or omissions of the Klebanoff Defendants, including but not limited to subsequent intervening facts.

15.    The Klebanoff Defendants assert that the Trustee's claims are barred by failure of consideration.

16.    The Klebanoff Defendants assert that the Trustee's claims are not recoverable as LSI has not suffered a cognizable injury by reason of the act or omission of the Klebanoff Defendants.

17.    The Klebanoff Defendants assert that the Trustee's claims are precluded by the affirmative defense of negligence and/or comparative fault.

18.    The Klebanoff Defendants assert that the claims in the Complaint are barred by breach of fiduciary duty by LSI or its representatives, outside and to the exclusion of the Klebanoff Defendants.

19.     The Klebanoff Defendants assert that the Complaint claims are precluded and barred by the intentional interference with the contractual relations and business advantages by LSI or its representatives.

20.     The Klebanoff Defendants assert the contractual claims that Harvey Klebanoff is entitled to pursue and the setoff of the Klebanoff Defendants of any claims against the Klebanoff Defendants.

21.     The Klebanoff Defendants assert that the Trustee lacks standing to bring and maintain claims asserted against the Klebanoff Defendants including fraudulent conveyance claims or any fraud claims in connection with the issuance of equity in LSI or other alleged injury directly to a third party.

22.     To the extent that a judgment is entered against the Klebanoff Defendants, they are entitled to a set-off of any monies paid by any other joint tortfeasors, including any joint tortfeasors in settlement of the claims against them.

23.     The Klebanoff defendants assert that the Complaint fails to state a cause of action upon which relief can be granted.

24.     With respect to the fraud claims in Counts five, six and seven, the Complaint fails to state a cause of action. The Trustee has failed to plead with specificity in that it has failed to allege any facts that evince that the Harvey Klebanoff knowingly made false representations and that anyone relied on those statements to their detriment. Nor does it allege that such statements, if they existed, occurred within the limitations period. Moreover, the alleged fraud on creditors is not a ground for recovery by LSI as the company lacks the standing to allege fraud on behalf of shareholders and creditors.

25.    The Klebanoff Defendants incorporate by reference any affirmative defense previously asserted by them or previously asserted by other Defendants in connection with this action.

26.    The Klebanoff Defendants assert the right to raise any affirmative defense identified during discovery in connection with this matter.

27.    No demand was made upon the Klebanoff Defendants prior to the filing of the action by the Trustee. The Klebanoff Defendants offer to surrender or transfer to the trustee all stock and any other equity interest in LSI in full or partial satisfaction of the disputed claims.

### Prayer

WHEREFORE, PREMISES CONSIDERED, the Klebanoff Defendants respectfully requests final judgment in his favor of the Klebanoff Defendants and against the Trustee, dismissing the Complaint with prejudice; that the Court consider and rule that abstention applies and that this matter is subject to arbitration with respect to the Klebanoff Defendants pursuant to the agreement with the parties; that the Court find that the Klebanoff Defendants have been released; and that the Court grant such other and further relief as is just and equitable.

Respectfully submitted,

By:/s/ *Adam L. Schwartz*
Mark J. Petrocchi
State Bar No. 15851750
GRIFFITH, JAY & MICHEL, LLP
2200 Forest Park Blvd.
Fort Worth, TX  76110
Phone (817) 926-2500
Fax (817) 926-2505
mpetrocchi@lawgjm.com

and

Adam L. Schwartz, Esq. (admitted *pro hac vice*)
Email: aschwartz@homerbonner.com

41

HOMER BONNER JACOBS, PA
1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida  33131
Phone:  (305) 350-5100
Fax:  (305) 982-0079

*Counsel For Harvey and Helen Klebanoff*

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused a true and correct copy of the foregoing document to be served electronically upon those persons registered on the ECF filing system of the Court on this 5th day of October, 2016.

Case Admin Sup    txnb_appeals@txnb.uscourts.gov

Artoush Varshosaz    artoush.varshosaz@klgates.com, violanda.sanchez@klgates.com

Beth Bivans Petronio    beth.petronio@klgates.com, kim.bevins@klgates.com

J E Cullens, Jr    cullens@lawbr.net, jmoroux@lawbr.net, psollie@lawbr.net

Jennifer Wise Moroux    jmoroux@lawbr.net

John Charles Anderson    jca@andersonfirm.net, teverage@andersonfirm.net

Joseph R Burton    randy.burton@fisherbroyles.com, gina.burton@fisherbroyles.com, landon.speights@fisherbroyles.com

Kenneth R. Shemin    ken@sheminlaw.com

Kevin Knox Nunnally    knunnally@mcguirewoods.com

Mark A Platt    mplatt@mcguirewoods.com

Mark B French    mark@markfrenchlaw.com, marksndecf@markfrenchlaw.com

Mark J Petrocchi    mpetrocchi@lawgjm.com, mkidd@lawgjm.com, mpetrocchi@prodigy.net, mpetrocchi@yahoo.com

Patrick J Schurr    patrick.schurr@solidcounsel.com, shelley.juskiewicz@solidcounsel.com

42

Patrick N Broyles    broyles@broyleslawfirm.com

Robin E Phelan    robin.phelan@haynesboone.com, kim.morzak@haynesboone.com

Ronald G Franklin    rfranklin@mcguirewoods.com, lhendrix@mcguirewoods.com

Russell F Nelms    barbara_groves@txnb.uscourts.gov,
Judge_Russell_Nelms@txnb.uscourts.gov

Thomas M Farrell    tfarrell@mcguirewoods.com, pfaulk@mcguirewoods.com

Tracy N LeRoy    tleroy@sidley.com, belinda.howard@sidley.com, sarah.valenti@sidley.com,
txefilingnotice@sidley.com

Vance Loren Beagles    vance.beagles@sidley.com, broper@sidley.com,
koconnell@sidley.com, txefilingnotice@sidley.com

                                                    */s/ Adam Schwartz*
                                                    Adam Schwartz