IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **CAREY D. EBERT** | § | |
| | § | |
|     **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action NO.: 4:15-cv-225-0 |
| | § | |
| **MICHAEL GUSTIN, et al.,** | § | |
| | § | |
|     **Defendants** | § | |

## TRUSTEE'S MORE DEFINITE STATEMENT AS TO HER FRAUD CLAIM

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Carey D. Ebert, as Trustee ("Trustee") for the Chapter 11 estate of the Debtor, Latitude Solutions, Inc. ("LSI"), who files this More Definite Statement As To Her Fraud Claim in accordance with this Honorable Court's recent Order (ECF No. 173) and respectfully represents:

1. On May 18, 2016, this Court denied in part and granted in part a Motion to Dismiss the Second Amended Company ("SAC") filed by defendants Gustin, Wohler, and DeJoria ("Movants"). (ECF No. 97.) Specifically, the Motion was denied in all respects except as to the Trustee's claim for deepening insolvency as an independent tort, which, in response to Movants' motion, the Trustee had agreed to dismiss. (*Id.*)

2. Movants subsequently sought reconsideration of only the portion of the May 18, 2016 Order ruling that the Trustee had standing to assert claims of fraud by affirmative misrepresentation. (ECF No. 147.)[1]

---

[1] Movants expressly noted the motion was reconsideration was not directed to the other categories of fraud asserted in the SAC. (ECF No. 147, p. 2, n.1). Further, Defendants' motion for reconsideration does not dispute her standing to assert claims on behalf of other creditors, such as Jabil Circuit, Inc.

3. On December 2, 2016, this Court issued an Order, which granted in part the Amended Motion for Partial Reconsideration filed by Movants. (ECF No. 173.) Upon reconsideration, the Court narrowed its previous conclusion and found that the Trustee has standing to bring a fraud claim alleging that misrepresentations by Movants and other Defendants induced shareholders not to sell their shares when the otherwise would, resulting in shareholder losses when the value of LSI stock subsequently dropped. (ECF No. 173, pp. 4-5, 10-11.) The Court further found that individual shareholders, not the Trustee, have standing to bring a fraud a claim alleging that misrepresentations by Movants and other Defendants induced shareholders to purchase stocks at inflated values, ultimately resulting in a loss to shareholders. (*Id*.)

4. In conjunction with the ruling, the Court ordered to Trustee to file a more definite statement of the fraud claim alleged in connection with "false public statements and false financial filing issued by LSI." (ECF No. 173, p. 11.)[2] Reserving all rights to object to the ruling on appeal, and without waiving same, the Trustee hereby states the following information as required by the Court's Order.

5. At this time, pursuant to this Honorable Court's Order, the Trustee will limit her affirmative misrepresentation claims to those the Court has ruled to be derivative, i.e., claims alleging that misrepresentations by Movants and other Defendants induced shareholders not to sell their shares when they otherwise would, resulting in shareholder losses when the value of LSI stock subsequently dropped.

6. Consistent with the Court's Order, the Trustee recently filed a Motion to Set Bar Date for Shareholder Holding Claims in the bankruptcy case. (See ECF No. 366 filed in Case No. 12-46295-rfn-11, a copy of which is attached hereto as Exhibit "A".) The Trustee's motion

---

[2] The deadline to file the more definite statement was extended to December 30, 2016. (ECF No. 177.)

describes "Shareholder Holding Claims" as the Trustee's claims for damages for misrepresentations by the defendants that induced shareholders not to sell their shares when they otherwise would, resulting in shareholder losses when the value of the Debtor's stock subsequently dropped. (Ex. "A".) As noted above, this Court has held that these claims are property of the estate and the Trustee has standing to bring such claims.

7. In her motion, the Trustee requests that the bankruptcy court set a bar date for filing Shareholder Holding Claims to be twenty-four (24) days after the date she serves notice of same on the List of Shareholders filed in this case on April 16, 2013. (Ex. "A".) Absent further order of the bankruptcy court, persons and entities holding Shareholder Holding Claims that are not filed on or before the Shareholder Holding Claim Bar Date will precluded from (a) asserting any claims against the Debtor's bankruptcy estate founded on a Shareholder Holding Claim and (b) receiving distributions from the estate on account of any Shareholder Holding Claim. (*Id*.)

8. The Trustee anticipates that the bankruptcy court will grant her motion in the near future. Thereafter, notice will be served promptly to those on the shareholders list, which will trigger the twenty-four (24) day period and bar date. Once any and all entities with Shareholder Holding Claims have filed appropriate claims with the bankruptcy court, the Trustee will update her fraud claims accordingly to fully apprise all parties of the derivative shareholder claims being asserted.

[SIGNATURE BLOCK ON NEXT PAGE]

Respectfully submitted,

/s/ Jennifer Wise Moroux
_____

J. E. Cullens, Jr. (admitted *pro hac vice*)
Jennifer Wise Moroux (admitted *pro hac vice)*
**WALTERS, PAPILLION,**
**THOMAS, CULLENS, LLC**
12345 Perkins Road, Building One
Baton Rouge, LA 70810
(225) 236-3636
cullens@lawbr.net
jmoroux@lawbr.net

/s/ John C. Anderson
_____

John C. Anderson (admitted *pro hac vice*)
**ANDERSON LAW FIRM**
Post Office Box 82982
Baton Rouge, LA 70884
(225) 252-1645
jca@andersonfirm.net

/s/ Robin E. Phelan
_____

Robin E. Phelan
**PHELANLAW**
4214 Woodfin Drive
Dallas, TX 75220
214-704-0222
robin@phelanlaw.org

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all known counsel and all counsel of record herein via the Court's electronic notification system on this 30th of December, 2016.

/s/ Jennifer Wise Moroux
_____
Jennifer Wise Moroux

4