Case 4:15-cv-00225-O   Document 287   Filed 07/14/17   Page 1 of 12   PageID 4478

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 14 2017

CLERK, U.S. DISTRICT COURT
By_____
          Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CAREY D. EBERT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 4:15-cv-225-0 |
| | § | |
| MICHAEL GUSTIN, et al., | § | |
| | § | |
| Defendants | § | |

## JURY CHARGE

MEMBERS OF THE JURY:

*Introduction*

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be

influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

## Burden of Proof

Unless otherwise instructed, Plaintiff Carey Ebert, as the Trustee, has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Carey Ebert has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

## The Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude an other fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## Witness Testimony

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

In weighing the credibility of a witness, you may consider the fact that he or she has

2

previously been convicted of a felony. Such a conviction does not necessarily destroy the witness's credibility, but it is one of the circumstances you may take into account in determining the weight to give to his or her testimony.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial. A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

*Deposition Testimony*

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter and sometimes a videographer was present and recorded the testimony. During the course of the trial the questions and answers have either been read to you or presented by video. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

*No Inference from Filing Suit*

The fact that Carey Ebert brought a lawsuit and is in court seeking damages creates no inference that she is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

*Similar Acts*

Evidence that an act was done at one time or on one occasion is not any evidence or proof whatsoever that the act was done in this case. Then how may you consider evidence of similar acts?

You may consider evidence of similar acts for the limited purpose of showing motive, opportunity, intent, knowledge, plan, identity, or absence of mistake or accident, which is at

issue in this case.

Such evidence may not be considered for any other purpose whatsoever. You may not use the evidence to consider or reflect an individual's character.

*Limiting Instruction*

You will recall that during the course of this trial I instructed you that I admitted certain testimony and certain exhibits for a limited purpose. You may consider such evidence only for the specific limited purpose for which it was admitted.

*Objections and Arguments by Counsel*

During the course of the trial, you have heard counsel make objections to evidence. It is the duty of the attorneys on each side of the case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not draw any inference against an attorney or his client because the attorney had made an objection.

Upon allowing testimony or other evidence to be introduced over the objection of any attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, or to the introduction of any other evidence, you must disregard the question entirely, and may draw no inference from the asking of it, or speculate as to what the witness would have said if the witness had been permitted to answer.

From time to time during the trial, it may have been necessary for me to talk with the attorneys out of your hearing, either by having a conference at the bench when you were present in the courtroom, or by calling a recess. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

## Definitions

You are hereby instructed that the following definitions apply to the Jury Instructions and Questions, unless otherwise indicated.

### *The Parties*

"**Carey Ebert**" refers to the Plaintiff Carey D. Ebert, as trustee for the Chapter 11 bankruptcy estate of Latitude Solutions, Inc.

"**LSI**" refers to Latitude Solutions, Inc.

"**Howard Appel**" refers to Defendant Howard Appel.

"**Ernest Bartlett**" refers to Defendant Ernest Bartlett.

"**Matthew Cohen**" refers to Defendant Matthew Cohen

"**John Paul DeJoria**" refers to Defendant John Paul DeJoria.

### Stipulated Facts

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

You are hereby instructed that the following stipulated facts apply to the Jury Instructions and Questions, unless otherwise indicated.

1. Matthew Cohen was a founding member of LSI and was named as officer and director of LSI in March 2009. Matthew Cohen resigned as an officer and director of LSI in June 2012.

2. John Paul DeJoria was named as director of LSI on October 21, 2011 and resigned as a director of LSI on September 14, 2012. John Paul DeJoria was never an officer of LSI.

With this information, please answer the following questions.

# FIDUCIARY DUTY

## QUESTION NO. 1

You are instructed that an officer or director owes a fiduciary duty to a corporation during the period of time that he was an officer or director of the corporation. The period of time relevant to each defendant in connection with this question for LSI is as follows:

1. Matthew Cohen --    March 2009 until June 2012.
2. John Paul DeJoria -- October 21, 2011 until September 14, 2012.

You are further instructed that to prove that a defendant failed to comply with his fiduciary duty to LSI, Carey Ebert, as Trustee, must prove that the defendant failed to comply with either a duty of loyalty or duty of care owed to LSI.  The duty of loyalty requires that an officer or director act in good faith and not allow his or her personal interest to prevail over the interest of the corporation. The duty of loyalty is described as requiring an extreme measure of candor, unselfishness, and good faith on the part of the officer or director. The duty of care requires that the officer or director handle his corporate duties with the diligence and prudence that an ordinarily prudent person would use under similar circumstances.

In addition, you are instructed claims may be maintained against corporate fiduciaries where there is no showing of any personal benefit if the corporation is damaged.

You are further instructed that a director or officer shall not be held liable if his conduct falls within the business judgment rule, as defined in these instructions.

The business judgment rule provides that, however mistaken a decision may appear in hindsight, an officer or director of a corporation cannot be liable for claims against him if, in the discharge of his duties, he exercised ordinary care and acted in good faith and honestly exercised his best business judgment within the limits of the actual authority of his position with the corporation. A director shall not be held liable for honest mistake of judgment if he acted with due care, in good faith, and in furtherance of a rational business purpose.

Did any defendant listed below fail to comply with his fiduciary duty to LSI during the period of time that defendant was an officer or director of LSI?

| Defendants | Answer "Yes" or "No" for each Defendant |
|---|---|
| Matthew Cohen | YES |
| John Paul DeJoria | YES |

## QUESTION NO. 2

If you answered "Yes" for any defendant in Question No. 1, then answer Questions 2A, 2B, and 2C. Otherwise, do not answer the following question.

To establish a claim for aiding and abetting in a breach of fiduciary duty, Carey Ebert, as LSI's trustee, must prove: (1) the existence of a fiduciary relationship; (2) that the third party knew of the fiduciary relationship; and (3) that the third party knowingly participated and provided substantial assistance in the breach of that fiduciary relationship.

If you found that there was a breach of fiduciary duty by any defendant, did any of the following defendants knowingly aid and abet in such breach of fiduciary duty?

### QUESTION NO. 2A

Did Howard Appel aid and abet Matthew Cohen in committing the breach of fiduciary duty that you found Matthew Cohen committed in response to Question No. 1?

Answer "Yes" or "No": __YES__

### QUESTION NO. 2B

Did Ernest Bartlett aid and abet Matthew Cohen in committing the breach of fiduciary duty that you found Matthew Cohen committed in response to Question No. 1?

Answer "Yes" or "No": __YES__

### QUESTION NO. 2C

Did John Paul DeJoria aid and abet Matthew Cohen in committing the breach of fiduciary duty that you found Matthew Cohen committed in response to Question No. 1?

Answer "Yes" or "No": __YES__

## QUESTION NO. 3

If you found, in response to Question No. 1 that there was a breach of fiduciary duty by any defendant, then answer the following question. Otherwise, do not answer the following question.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Carey Ebert, as LSI's trustee, for the damages, if any, that were proximately caused by any breach of fiduciary duty or aiding and abetting such breach of fiduciary duty by that defendant?

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any. Consider the following elements of damages, if any, and none other.

    1. The reasonable cash market value of liabilities incurred by LSI as a proximate cause of that defendant's breach of fiduciary duty, which liabilities are still owed and have not yet been paid, if any.

    2. The reasonable market value of any gains to that defendant (including salaries, consulting fees, net proceeds from stock issuances to directors and/or officers of LSI, and other expenses) proximately caused by that defendant's breach of fiduciary duty.

Answer separately in dollars and cents for damages, if any.

| Defendant | Damage Element No. 1 | Damage Element No. 2 |
|---|---|---|
| Howard Appel | $0 | $2.5 million |
| Ernest Bartlett | $0 | $2.5 million |
| Matthew Cohen | $6.5 million | $400,000 |
| John Paul DeJoria | $1.5 million | $0 |

8

## QUESTION NO. 4

Answer the following question regarding a defendant only if you answered "Yes" to Question No. 1 (breach of fiduciary duty) or any portion of Question No. 2 (aiding and abetting breach of fiduciary duty) regarding that defendant. Otherwise, do not answer the following question regarding that defendant.

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Gross negligence" means an act or omission by the defendant

1. which when viewed objectively from the standpoint of the defendant at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
2. of which the defendant has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

"Malice" means a specific intent by the defendant to cause substantial injury or harm to LSI.

Do you find by clear and convincing evidence that the harm to LSI related to the breach of fiduciary duty you found, or aiding and abetting such breach, resulted from gross negligence or malice?

| Defendants | Answer "Yes" or "No" for each Defendant, if you answered "Yes" for that Defendant in either Question Nos. 1 or 2 |
|---|---|
| Howard Appel | YES |
| Ernest Bartlett | NO |
| Matthew Cohen | YES |
| John Paul DeJoria | YES |

## QUESTION NO. 5

Answer the following question regarding a defendant only if you answered "Yes" to Question No. 4 regarding that defendant. Otherwise, do not answer the following question regarding that defendant.

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—

1. The nature of the wrong.
2. The character of the conduct involved.
3. The degree of culpability of the defendant.
4. The situation and sensibilities of the parties concerned.
5. The extent to which such conduct offends a public sense of justice and propriety.
6. The net worth of the defendant.

What sum of money, if any, if paid now in cash, should be assessed against the defendants and awarded to Carey Ebert, as LSI's trustee, as exemplary damages, if any, for the conduct found in response to Question No. 4?

| Defendants | Answer separately in dollars and cents for exemplary damages, if any only for any defendant that you answered "Yes" in response to Question No. 4 |
|---|---|
| Howard Appel | $5 million |
| Ernest Bartlett | |
| Matthew Cohen | $2 million |
| John Paul DeJoria | $1 million |

10

*Jury Deliberations*

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

When you go into the jury room to deliberate, you may take with you a copy of this charge and the exhibits that I have admitted into evidence. You must select a foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

_____
Presiding Judge

Date _____July 14, 2017_____

## Jury Certification

The foregoing answers are the unanimous answers of the jury.

_____
Foreperson

7/14/17
_____
Date