IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **CAREY D. EBERT,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-cv-00225-O |
| | § | |
| **MICHAEL GUSTIN et al.,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Defendants Howard Miller Appel and Ernest A. Bartlett, III's (collectively "Separate Defendants") Motion for Reconsideration (ECF No. 322), filed February 5, 2018; and Defendant John Paul DeJoria's ("DeJoria") Motion for Reconsideration (ECF No. 324), filed February 5, 2018. The motions have been fully briefed and are ripe for review.

For the reasons stated below, the Court finds that Separate Defendants' Motion for Reconsideration (ECF No. 322) should be and is hereby **DENIED**; and DeJoria's Motion for Reconsideration (ECF No. 324) should be and is hereby **DENIED.**

### I. BACKGROUND

Plaintiff Carey D. Ebert ("Ebert" or "Plaintiff"), the Trustee for the Chapter 11 estate of Latitude Solutions, Inc. ("LSI"), alleged that Defendants conducted a complex, fraudulent enterprise to control and manipulate LSI, its subsidiaries, and its stock. Specifically, Plaintiff alleged that two groups of corporate insiders and co-conspirators—the "First Board" and the "Second Board," respectively—misused LSI, its creditors, and its shareholders, by perpetrating a

1

"pump-and-dump"[1] scheme. 2d Am. Compl. ¶ 12, ECF No. 34. Plaintiff alleged that the Second Board, all of whom were corporate fiduciaries, partnered with the First Board to continue this fraudulent scheme. *Id*. She also alleged that the Second Board deliberately disregarded warning signs from LSI's management, thereby violating its fiduciary duty, acting in its own self-interest, grossly mismanaging LSI's business, and squandering corporate assets. *Id*. ¶ 1. She further alleged that the combination of the First and Second Boards' fraud and corporate waste caused LSI to go bankrupt, leaving creditors with as much as $40 million in debt owed. *Id.*

The trial was held for five consecutive days between July 10, 2017, and July 14, 2017. *See* Min. Entries, ECF Nos. 279–84. On July 14, 2017, the jury found that Cohen and DeJoria breached their fiduciary duty to LSI (Jury Question 1); and that Appel, Bartlett, and DeJoria each aided and abetted Cohen's breach of fiduciary duty to LSI (Jury Question 2). Jury Charge 6–7, ECF No. 287. The parties then submitted the post-trial motions. *See* ECF Nos. 294, 296, 297. The Court issued an order on January 22, 2018, finding sufficient evidence to support the jury verdict against the Separate Defendants and DeJoria, and finding them jointly and severally liable for Defendant Matthew Cohen's ("Cohen") breach of fiduciary duty by virtue of the jury finding that they each aided and abetted Cohen's breach. *See* Jan. 22, 2018 Order, ECF No. 320. The Parties then filed the motions for reconsideration at issue here. *See* ECF Nos. 322, 324.

## II.    LEGAL STANDARD

A motion to reconsider under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Further, a Rule 59(e) motion "serve[s]

---

[1] "In a typical pump-and-dump, corporate insiders in a micro-cap give themselves stock in a company, intentionally manipulate the stock's price through press releases, marketing, and illegal trades, and then unload their shares at extravagant profits before letting the company die." Pl.'s 2d Am. Compl. 31, ECF No. 34.

the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479. "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 480 (S.D. Tex. 2012) (quoting *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)); *see also Bank One, Tex., N.A. v. FDIC*, 16 F. Supp. 2d 698, 713 (N.D. Tex. 1998) (Fitzwater, J.) ("[A] 'manifest error' is an obvious mistake or departure from the truth.").

Additionally, a Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)); *see also Berge v. GE Oil & Gas*, No. H-08-2931, 2011 WL 798204, at *3 (S.D. Tex. 2011) ("Importantly, a 'Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and [movant] cannot have a second bite at the apple on the same issues that were previously addressed by the parties and this Court.'") (quoting *Alvarado v. Tex. Rangers*, No. EP-03-CA-0305-FM, 2005 WL 1420846, at *2 (W.D. Tex. 2005)). Courts have significant discretion in deciding whether to grant a motion to reconsider, but the Fifth Circuit has cautioned that a Rule 59(e) motion is "an extraordinary remedy that should be used sparingly." *See Jones v. Stephens*, 998 F. Supp. 2d 529, 536 (N.D. Tex. 2014) (Means, J.) (citing *Templet*, 367 F.3d at 479); *see also Riddle v. DynCorp. Int'l Inc.*, 773 F. Supp. 2d 647, 649 (N.D. Tex. 2011) (Lindsay, J.) ("[T]he Fifth Circuit has observed that Rule 59(e) 'favor[s] the denial of motions to alter or amend a judgment.'") (quoting *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

### III. ANALYSIS

#### A. DeJoria's Motion for Reconsideration

DeJoria asks the Court to reconsider its finding that DeJoria is jointly and severally liable for the $6.9 million in compensatory damages awarded against Cohen. DeJoria's Mot. Recon. 4, ECF No. 324. DeJoria argues: (1) that the plain language of the Jury Charge provides, at most, $1.5 million in liability as to DeJoria; (2) the Texas Supreme Court recently clarified that liability for aiding and abetted a breach of fiduciary duty requires an analysis of each wrongful act and specifically whether the knowing and substantial assistance provided by the aider and abettor proximately caused the plaintiff's damages. *Id.* (citing *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214 (Tex. 2017)); *see* Jury Charge 6–8, ECF No. 287.

First, DeJoria argues that the plain language of the Jury Charge precludes a finding that DeJoria is liable for the damages caused by Cohen's breach. Specifically, DeJoria points to Question 3, in which the jury found a damage amount of $1.5 million against DeJoria in response to the Court's question of "[w]hat sum of money, if any, if paid now in cash, would fairly and reasonably compensate Carey Ebert, as LSI's trustee, for the damages, if any, that were proximately caused by any breach of fiduciary duty or *aiding and abetting* such breach of fiduciary duty *by that defendant*?" Jury Charge 8, ECF No. 287 (emphasis added). DeJoria argues that the jury's finding means that, at most, DeJoria is liable for $1.5 million in damages. DeJoria's Mot. Recon. 4, ECF No. 324. This argument was not only previously considered by the Court in the jury charge conference—where the Court crafted Question 3 after considering the parties' arguments—it was also raised, considered, and rejected in the Court's consideration of the parties' post-trial motions. *See* Pl.'s App. Opp. DeJoria Mot. Recon. 9–10, 15–17 (Jury Charge Conf.), ECF No. 287 ("Mr. FARRELL: 'Let's say Cohen is found $100,000 for breach, DeJoria is found not independently liable for his own breach but then he is found to have aided and abetted, then that just means he's jointly and severally liable for the $100,000.'"); Jan. 22, 2018 Order 24–25,

ECF No. 320. Here, the jury found DeJoria independently liable for $1.5 million in damages based on his breach of fiduciary duty. Jury Charge 8, ECF No. 287. The jury also found as a matter of fact that DeJoria aided and abetted Cohen's breach. *Id.* at 7. As determined by the Court in its January 22, 2018 Order, and addressed *infra*, as a matter of law, DeJoria is jointly and severally liable for aiding and abetting the full amount of Cohen's breach.

Next, DeJoria cites *Parker* for the proposition that "liability for aiding and abetting a fiduciary breach . . . requires an analysis of each wrongful act and specifically whether the knowing and substantial assistance provided by the aider and abettor proximately caused the damages claimed by the plaintiff." DeJoria's Mot. Recon. 9, ECF No. 324 (citing *Parker*, 514 S.W.3d at 224–25). DeJoria argues that for him to be jointly and severally liable for Cohen's breach, there must be proof that he knowingly and substantially assisted Cohen in the specific breach that caused the $6.5 million in damages to LSI. *Id.*

The Court notes that this argument was raised and argued in DeJoria's response to Plaintiff's motion to submit a proposed final judgment. *See* DeJoria's Resp. Pl's Mot. Final J. 2, 7–8, ECF No. 302 (citing *Parker*, 514 S.W.3d at 224–225). DeJoria essentially argues now that the Court committed manifest error when it failed to apply *Parker* to relieve him and the Separate Defendants from joint and several liability in its January 22, 2018 Order. The Court agrees that *Parker* does instruct a court to analyze the wrongful acts of a defendant to determine whether they knowingly or substantially assisted the underlying breach of fiduciary duty. But here, in contrast to the facts of *Parker*, there is evidence that DeJoria knew of and substantially assisted in Cohen's breach. The jury determined that, from the testimony and evidence presented at trial, DeJoria aided and abetted Cohen, *see* Jury Charge 6–7, ECF No. 287, and the Court's post-verdict analysis concluded there was evidence in the record that DeJoria knew about Cohen's actions before,

during, and after LSI incurred damages. *See* Jan. 22, 2018 Order 23–24, ECF No. 320. The Court finds that *Parker* is factually distinguishable from the case at hand, and as such, concludes that an imposition of joint and several liability is proper and supported by Texas law. *See Kinzbach v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 512–14 (Tex. 1942); *Orchestratehr, Inc. v. Trombetta*, No 3:13-cv-2110-KS-BH, 2016 WL 4563348, at *5 (N.D. Tex. Sept. 1, 2016). Accordingly, DeJoria's motion for reconsideration is **DENIED**.

### B. Separate Defendants' Motion for Reconsideration

Separate Defendants incorporate the arguments made by DeJoria into their motion for reconsideration, which for the reasons stated above are **DENIED**. They also raise an additional argument, which the Court considers below.

Separate Defendants argue that the Court erred when it found that Howard Appel and Ernest Bartlett were jointly and severally liable for the $6.9 million in compensatory damages awarded against Cohen based on an application of Texas case law addressing the common law tort of aiding and abetting breach of fiduciary duty. Br. Supp. Separate Defs.' Mot. Recon. 1, ECF No. 323. They argue that "the cases relied upon by the Court [in its January 22, 2018 Order] were decided prior to adoption of the 1995 tort reform amendments . . . [that] abolish joint and several liability" for intentional torts absent a finding of more than fifty percent responsibility. *Id.* (citing Tex. Civ. Prac. & Rem. Code § 33.013(b)). But Texas courts have consistently found that once a derivative tort, such as aiding and abetting, has been established, the third party is liable for the acts of the original defendant's breach, and apportionment of fault is immaterial. *See Heat Shrink Innovations, LLC v. Medical Extrusion Technologies-Texas, Inc.*, 2014 WL 5307191, *6–7 (Tex. App.—Fort Worth 2014) ("It is unnecessary to submit a question to the jury to apportion liability [for aiding and abetting breach of fiduciary duty]; Heat Shrink's liability is Wolfe's liability");

6

*Rosell v. Ctr. W. Motor Stages*, 89 S.W.3d 643, 656–57 (Tex. App.—Dallas 2002, pet denied). The Court's findings in its January 22, 2018 Order are consistent with Texas courts' conclusions made after the 1995 tort reform amendments and does not amount "to a complete disregard of the controlling law.'" *Cf. Brush*, 911 F. Supp. 2d at 480 (quoting *Guy*, 394 F.3d at 325). Therefore, the Court finds that it did not commit manifest error in imposing joint and several liability for aiding and abetting breach of fiduciary duty.[2]

Accordingly, Separate Defendants' motion for reconsideration is **DENIED**.

## IV. CONCLUSION

For the reasons stated below, the Court finds that Separate Defendants' Motion for Reconsideration (ECF No. 322) should be and is hereby **DENIED**; and DeJoria's Motion for Reconsideration (ECF No. 324) should be and is hereby **DENIED.**

**SO ORDERED** on this **7th day** of **March, 2018.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[2] To the extent that Separate Defendants argue that Plaintiff failed to prove the damages sought with regard to Appel and Bartlett's roles in Cohen's breach, the Court has already addressed this argument at length in its sufficiency of the evidence analysis. Br. Supp. Separate Defs.' Mot. Recon. 3, ECF No. 323; Separate Defs.' Reply 5, ECF No. 328. The Court detailed sufficient evidence of damages incurred by LSI by and through Appel and Bartlett's actions. *See* Jan. 22, 2018 Order 14–15, 17–18, ECF No. 320.