IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CAREY D. EBERT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 4:15-cv-225-O |
| | § | |
| HOWARD MILLER APPEL, et al., | § | |
| | § | |
| Defendants. | § | |

## MOTION TO STAY ENFORCEMENT PENDING APPEAL

Defendant John Paul DeJoria ("DeJoria") files this motion to stay enforcement pending appeal and respectfully shows as follows:

1. On March 7, 2018, the Court signed a Final Judgment against DeJoria in the total amount of $9.4 million. [Docket No. 332.]

2. On March 27, 2018, DeJoria filed his notice of appeal to the United States Court of Appeals for the Fifth Circuit. [Docket No. 334.]

3. Under Rule 62(d) of the Federal Rules of Civil Procedure, DeJoria could obtain a stay of enforcement of the judgment pending appeal by posting a supersedeas bond. Under Local Rule 62.1, the supersedeas bond, unless modified by the Court, would have to be in the full amount of the judgment plus an additional 20%.

4. The Court nevertheless has the discretion to stay enforcement of the Final Judgment without the posting of a bond. *See, e.g., Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 464 (5th Cir. 1990); *In re Nassau County Strip Search Cases*, 783 F.3d 414, 415 (2d Cir. 2015); *Federal Protection Service, Inc. v. America Pharmaceutical Assoc.,* 636 F.2d 755, 759 (D.C. Cir. 1980). In particular, the Court can dispense with the bond requirement when the circumstances indicate a high degree of confidence that the funds will be available to pay any judgment that

remains after resolution of the appeal and if the defendant's ability to pay is so plain that the posting of a bond would be a waste of money. *See In re Nassau County Strip Search Cases*, 783 F.3d at 417-18; *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988).

5. Based on evidence introduced at trial and on the Declaration of John Paul DeJoria (Exhibit A hereto), these circumstances plainly exist here. DeJoria's ability to pay any judgment that survives appeal is manifest. Decl., ¶ 5. And, DeJoria has committed to pay any liability that still exists after the appeal promptly, without requiring the plaintiff to engage in any collection efforts. *Id.*, § 6.[1]

6. In these circumstances, requiring DeJoria to post a supersedeas bond is not necessary to protect the plaintiff's interest and would result in a waste of resources. Accordingly, DeJoria respectfully requests that the Court stay all efforts to enforce the judgment pending resolution of DeJoria's appeal without requiring DeJoria to post a supersedeas bond.

Respectfully submitted,

MCGUIREWOODS LLP

*/s/ Thomas M. Farrell*
Thomas M. Farrell
State Bar No. 06839250
tfarrell@mcguirewoods.com
Charles B. Hampton
State Bar No. 00793890
champton@mcguirewoods.com
K. Knox "Lighthorse" Nunnally
State Bar No. 24063995
knunnally@mcguirewoods.com
600 Travis St., Suite 7500
Houston, Texas 77002
(713) 571-9191
(713) 571-9652 (Fax)

COUNSEL FOR JOHN PAUL DEJORIA

---

[1] To ensure that this is not an empty promise, DeJoria is more than willing for the Court to retain, through contempt or otherwise, whatever power the Court deems appropriate to police his compliance with this undertaking. Decl., ¶ 6.

2

**CERTIFICATE OF CONFERENCE**

The undersigned has conferred with J. E. Cullens, counsel for the plaintiff, who indicated that the plaintiff opposes the relief requested in this motion.

*/s/ Thomas M. Farrell*
Thomas M. Farrell

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all counsel of record on this 27th day of March, 2018, via the Court's ECF filing system.

*/s/ Thomas M. Farrell*
Thomas M. Farrell

100657347_1