**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CAREY D. EBERT** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No.: 4:15-cv-225-0** |
| | § | |
| **HOWARD MILLER APPEL, et al.,** | § | |
| **Defendants** | § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN PAUL DEJORIA'S MOTION TO STAY ENFORCEMENT PENDING APPEAL**

**MAY IT PLEASE THE COURT:**

Plaintiff, Carey D. Ebert, as Trustee for the Chapter 11 estate of the Debtor, Latitude Solutions, Inc. ("Trustee"), respectfully submits this Opposition to the Motion to Stay Enforcement Pending Appeal (ECF No. 336) (the "Motion"), filed by defendant John Paul DeJoria ("DeJoria"). DeJoria's Motion should be summarily DENIED for all of the following reasons:

1. DeJoria's Motion seeks to dispense with the supersedeas bond requirement under Federal Rule of Civil Procedure 62(d). Federal Rule 62(d) "establishes a general rule that losing parties in the district court can obtain a stay pending appeal only by giving a supersedeas bond." *Enserch Corp. v. Shand Morahan & Co., Inc.*, 918 F.2d 462, 463–64 (5th Cir.1990). Federal Rule of Civil Procedure 62(d) reads in full:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.[1]

---

[1] Northern District of Texas Local Rule 62.1 prescribes the procedure for calculating a normal supersedeas bond:

> Unless otherwise ordered by the presiding judge, a supersedeas bond staying execution of a money judgment shall be in the amount of the judgment, plus 20% of that amount to cover interest and any award of damages for delay, plus $250.00 to cover costs. The parties may waive the requirement of a supersedeas bond by stipulation.

2. The leading Fifth Circuit case on application of Rule 62(d) is *Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189 (5th Cir.1979), wherein the court stated, "[t]he purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove*, 600 F.2d at 1190–91; *see also In re W. Fidelity Mktg., Inc.*, 218 F. Supp. 2d 832, 834 (N.D. Tex. 2002). A judgment debtor "may use the bond to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal." *Poplar Grove*, 600 F.2d at 1191. "At the same time, the bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal." *Id*. Consequently, "[t]he nature of the bond's dual protection role requires that these conditions normally be imposed." *Id*.

3. Under *Poplar Grove*, the general rule is that the appealing party must post a bond for the full amount of the judgment, plus costs of appeal, interest, and any estimated damages attributed to the delay. 600 F.2d at 1191. Because a supersedeas bond is a privilege extended to the judgment debtor, the burden is placed on the debtor to objectively demonstrate why a court should depart from the usual requirement of posting a full bond. *Id*. "It is not the burden of the judgment creditor to initiate contrary proof." *Id*. The Fifth Circuit explained the showing a judgment debtor must make in order to request deviation from the normal requirement of a full supersedeas bond as follows:

> If a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal, the court may then exercise a discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond. Contrariwise, if the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court similarly is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor.

*Id.* (citations omitted); *see also Enserch Corp.*, 918 F.2d at 464 (quoting *Poplar Grove,* 600 F.2d at 1191). Factors relevant in determining whether to waive the usual bond requirement include: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the ability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *United States v. Loftis*, 3-06-CV-1633-P, 2009 WL 10678613, at *2 (N.D. Tex. Aug. 3, 2009) (citing *Bollore v. Import Warehouse, Inc.*, No. 3-99-CV-1196-R, 2004 WL 1873069, at *1 (N.D. Tex. Aug. 19, 2004)).[2]

4. DeJoria has not met the requirements for avoiding the bond requirement under Fifth Circuit precedent. Simply putting forth affidavit testimony of his financial ability to pay the judgment is not sufficient. *See, e.g., Halliburton Energy Servs., Inc. v. NL Indus.*, Civ. No. H-05-4160, 2008 WL 2787247, at *2 (S.D. Tex. July 16, 2008), which rejected a similar argument by Halliburton even though it showed a present ability to pay the dollar amount owed. In that case, Halliburton presented testimony and documentary evidence of its financial condition, including its available cash in the United States and certain real property. *Id*. However, the court found Halliburton "presented insufficient evidence as to liabilities, debts, or encumbrances that might limit its future ability to respond to the judgment." *Id*. Further, Halliburton failed to show a

---

[2] Notwithstanding the potential exception to the general rule set forth in *Poplar Grove*, several federal district courts in Texas have held that financial ability "is, in and of itself, immaterial to the question of whether a judgment should be stayed." *Channel 20, Inc. v. World Wide Towers Servs., Inc*., 607 F.Supp. 551, 565 (S.D. Tex.1985); *see also United States v. Goltz*, CIV.A. SA-06-CA-503X, 2007 WL 295558, at *2 (W.D. Tex. Jan. 25, 2007) (citing *Channel 20, Inc.*, 607 F.Supp. at 565).

financially secure plan for maintaining solvency during appeal, such that the cost of the bond is simply a "waste of money." *Id*.

5. *See also Lyondell Chem. Co. v. Albemarle Corp.*, 1:01-CV-890, 2008 WL 11339934, at *2 (E.D. Tex. Jan. 22, 2008) ("Despite Lubrizol's substantial assets, Plaintiffs and Third-Party Plaintiffs correctly argue that Lubrizol has failed to present any financially secure plan for maintaining its current solvency and viability, which could eliminate the necessity of posting a supersedeas bond during the period of appeal."); *Commil USA, LLC v. Cisco Sys., Inc.*, 2:07-CV-341, 2011 WL 13152796, at *2 (E.D. Tex. Oct. 20, 2011) (declining to stay execution of the judgment without the posting of a supersedeas bond; "Defendant's annual net sales have totaled between approximately $35 billion and $43 billion over the past five years. Therefore, it would be no hardship for Defendant to post a supersedeas bond of approximately $155,000 annually over the course of its appeal to stay the execution of the judgment.").[3]

6. DeJoria has not explained how any of the circumstances of this case are sufficiently extraordinary to warrant a modification of the terms necessary to secure the monetary portion of the judgment.[4] At most, DeJoria has presented conclusory testimony that his personal net worth is more than a billion dollars. He has not presented any concrete details or documentary evidence to support this testimony, nor has he produced any evidence to allow the court to evaluate whether any liabilities, debts, or other encumbrances may limit his future ability to pay the judgment.

[3] Parties seeking to avoid the bond requirement on the basis of their inability or lack of financial means have the same burden. *See, e.g.*, *Moss v. Princip*, 3:14-CV-3088-BF, 2016 WL 9245114, at *2 (N.D. Tex. July 20, 2016) (defendants' only addressed one of the deviation factors-the availability of funds to pay the judgment-but the only offered their own "conclusory, self-serving declaration[s]" as evidence in support; no objective evidence, such as audited financial statements and net worth information, was presented); *S.E.C. v. Life Partners Holdings, Inc.*, A-12-CV-00033 JRN, 2015 WL 433094, at *1–3 (W.D. Tex. Feb. 2, 2015) (conclusory statements of net worth failed to sustain burden for departure from usual bond requirement); *Bollore, S.A. v. Imp. Warehouse, Inc.*, 3-99-CV-1196-R, 2004 WL 1873069, at *1 (N.D. Tex. Aug. 19, 2004) (no objective evidence presented, only conclusory, self-serving declaration, and defendants did not address the factors relevant to deciding whether to waive the requirement of a full supersedeas bond).

[4] *Asarco LLC v. Americas Mining Corp.*, 419 B.R. 737, 743 (S.D. Tex.2009) (internal citations omitted) ("only extraordinary circumstances will support the provision of security other than a supersedeas bond").

Likewise, DeJoria failed to present a financially secure plan for maintaining solvency during appeal. Instead, DeJoria submits only conclusory testimony that he has "immediate access to unencumbered, liquid assets that exceed the amount of the Final Judgment by many, many multiples," and that this "will remain the case during the year or two that I understand it will take to complete the appellate process in this case." *See* Ex. "A" to DeJoria's Motion. This affidavit testimony alone falls far short of the burden imposed on DeJoria, the losing party in the district court who is now tasked with objectively demonstrating why this Honorable Court should depart from the usual requirement of posting a full bond.

7. Furthermore, Mr. DeJoria is a relatively older gentleman; he turns 74 on April 13th of this year. And if Mr. DeJoria becomes incapacitated or dies before a final judgment is rendered, his personal assurance that he will have "immediate access to unencumbered, liquid assets" may be misplaced. While DeJoria may be wealthy today, there is nothing that guarantees that his financial condition will persist; even billionaires go bankrupt on occasion. And, in all due respect to Mr. DeJoria, it should not be forgotten that a unanimous jury found that DeJoria, along with a known convicted securities fraud felon, knowingly aided and abetted the CFO of this publicly traded company in breaching his fiduciary duty, thereby causing millions of dollars in compensable damages. Plaintiff is a court-appointed Bankruptcy Trustee who is duty bound to pursue claims against DeJoria and the other defendants zealously; she should not be forced to undertake the risk that DeJoria's fortunes may change for the worse pending his appeal. Under the circumstances, given the possibility that something unfortunate may happen to Mr. DeJoria's health and/or wealth during his appeal of this case, Plaintiff respectfully suggests that it is neither a "waste of money" nor "an undue burden" for DeJoria to post a supersedeas bond just like every other defendant in his situation.

8. For all of the foregoing reasons, the Trustee respectfully requests that this Honorable Court exercise its considerable discretion and DENY DeJoria's Motion.

Respectfully submitted,

/s/ J. E. Cullens, Jr.

J. E. Cullens, Jr. (admitted *pro hac vice*)
Jennifer Wise Moroux (admitted *pro hac vice)*
**WALTERS, PAPILLION, THOMAS, CULLENS, LLC**
12345 Perkins Road, Building One
Baton Rouge, LA 70810
(225) 236-3636
cullens@lawbr.net

/s/ John C. Anderson

John C. Anderson (admitted *pro hac vice*)
**ANDERSON LAW FIRM**
Post Office Box 82982
Baton Rouge, LA 70884
(225) 252-1645
jca@andersonfirm.net

s/ Robin E. Phelan

Robin E. Phelan
**ROBIN PHELAN LAW**
4214 Woodfin Drive
Dallas, TX 75220
(214) 651-5612
Robin@phelanlaw.org

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all counsel of record on this _____ day of April, 2018, via the Court's ECF filing system.

/s/ J. E. Cullens, Jr.

J. E. Cullens, Jr.