IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **CAREY D. EBERT,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No.: 4:15-cv-00225-O |
| § | |
| **HOWARD MILLER APPEL, et al.,** § | |
| § | |
| **Defendants** § | |

## ORDER

Before the Court is Defendant John Paul DeJoria's ("DeJoria") Motion to Stay Enforcement Pending Appeal (ECF No. 336), filed March 27, 2018. Plaintiff responded (ECF No. 340) on April 5, 2018. Having considered the motion, briefing and applicable law, the Court finds the motion should be and is hereby **GRANTED in part and DENIED in part**.

### I.   BACKGROUND

DeJoria asks the Court to stay enforcement of the Final Judgment pending appeal of this case to the United States Court of Appeals for the Fifth Circuit. DeJoria Mot. Stay 1, ECF No. 336. DeJoria asks that the Court dispense with the supersedeas bond requirement of Federal Rule of Civil Procedure 62(d) and Local Rule 62.1 of this Court because there is a high degree of confidence that DeJoria will be able to pay the judgment if the Court is affirmed on appeal. *Id.* at 1–2. Plaintiff objects to this request.

### II.   LEGAL STANDARD

Federal Rule of Civil Procedure 62(d) provides:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given

> upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

The Fifth Circuit has stated that the "purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979). "[T]he bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal." *Id.* at 1191. The nature of a supersedeas bond's role is to protect both parties and therefore dictates that it should not normally be dispensed with. *Id.* A party seeking to forego the supersedeas bond requirement may do so by stipulation, *see* L.R. 62.1, or by showing an objective "present financial ability to facilely respond to a money judgment and present[ ] to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal." *Id.* The district court has discretion to: (1) impose the bond if this is not shown; (2) "substitute some form of guaranty of judgment responsibility for the usual supersedeas bond;" or (3) "fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings . . . ." *Id.*

In determining whether to waive the usual requirement of the supersedeas bond, the Court may also consider a number of relevant factors, such as: "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment; (3) the availability of funds to pay the judgment; . . . and [(4)] whether the debtor's financial condition is so precarious that the requirement to post a bond would place other creditors in an insecure position." *United States v. Loftis*, 3:06-cv-1633-P, 2009 WL 10678613, at *2 (N.D. Tex. Aug. 3, 2009); *see also Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988).

Local Rule 62.1 governs the process and amount of a supersedeas bond in the Northern District of Texas. It provides:

> Unless otherwise ordered by the presiding judge, a supersedeas bond staying execution of a money judgment shall be in the amount of the judgment, plus 20% of that amount to cover interest and any award of damages for delay, plus $250.00 to cover costs. The parties may waive the requirement of a supersedeas bond by stipulation.

### III.   ANALYSIS

DeJoria was found jointly and severally liable for $6,900,000.00 for his role in Matthew Cohen's breach of fiduciary duty. DeJoria was also found personally liable for $1,500,000.00 for his own breach of fiduciary duty; and personally liable for exemplary damages in the amount of $1,000,000.00. *See* Final J. 2, ECF No. 332. The amount of the judgment in this case against DeJoria is $9,400,000.00. Therefore, in order to stay execution of the judgment, DeJoria must post a supersedeas bond in that amount, plus 20% to cover interest and $250.00 to cover costs, for a total of $11,280,250.00. N.D. TEX. L. CIV. R. 62.1.

The Court denies DeJoria's request to waive the supersedeas bond requirement for the following reasons. First, DeJoria failed to present sufficient evidence to justify departure from the requirements of Local Rule 62.1 The only evidence DeJoria offered in support of his motion is a conclusory affidavit that states "[w]hile I would prefer to keep the precise details of my financial affairs confidential, I hereby confirm that my personal net worth is in fact well in excess of a billion dollars." DeJoria Mot. Stay, Ex. A (DeJoria Aff.), ECF No. 336-1. DeJoria does not present irrefutable proof—in the form of audited financial statements, tax receipts, appraised value of real estate or other holdings, etc.—that demonstrates "present financial ability to facilely respond to a money judgment." *Poplar Grove*, 600 F.2d at 1191. Second, DeJoria's motion fails to present the Court with "a financially secure plan for maintaining that same degree of solvency during the period of an appeal", *id.*, or discuss the five factors relevant to the Court's consideration of waiver of the supersedeas bond requirement. *Loftis*, 2009 WL 10678613, at *2. Because DeJoria has failed to meet his burden to show why the Court should depart from the usual requirement, and the Court

declines to do so absent a clear showing of financial security adequate to protect Plaintiff's rights, DeJoria's motion is denied in part. *Cf. Halliburton Energy Servs., Inc. v. NL Indus., et al.*, Nos. H-05-4160, H-06-3504, 2008 WL 2787247, at *2 (S.D. Tex. July 16, 2008) (failing to dispense with the bond requirement where company provided insufficient evidence of its financial condition and otherwise did not provide a financially secure plan to maintain solvency). DeJoria is therefore **ORDERED** to obtain a supersedeas bond consistent with the requirements of Federal Rule of Civil Procedure 62(d) and Local Rule 62.1.

Because the final judgment in this case is of a purely monetary nature, the Court does find that a stay is necessary pending the decision of the Fifth Circuit. But under Rule 62(d), "the stay takes effect when the court approves the bond." FED. R. CIV. P. 62(d). Because a bond has not yet posted, and the Court has not yet approved it, this requirement cannot yet be satisfied. The parties are **ORDERED** to comply with the requirements of all federal and local rules to obtain a stay consistent with this Order. The judgment entered against DeJoria on March 7, 2018, will be stayed upon the posting of a supersedeas bond in the amount of $11,280,250.00, which covers the monetary award stated in the judgment, interest and costs.

## IV. CONCLUSION

Based on the foregoing, the Court finds that DeJoria's Motion to Stay Enforcement Pending Appeal (ECF No. 336), filed March 27, 2018, should be and is hereby **GRANTED in part and DENIED in part**.

DeJoria is **ORDERED** to comply with the supersedeas bond requirement of Federal Rule of Civil Procedure 62(d) and Local Rule 62.1.

**SO ORDERED** on this **2nd day** of **May, 2018**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE